## BENJAMIN F. TILLINGHAST *vs.* FRANK N. McLEOD.

In libel, a claim that the libellous matter is a privileged communication, because affecting the common interests of the parties to the communication, cannot be sustained when the statements go beyond what is required to protect these interests, and are found by the jury to be false and presumably wilfully false. Such a privilege is subject to rebuttal by proof of actual malice.

A declaration in libel charged that the defendant accused the plaintiff of embezzlement from the T. Company, the T. Company being the defendant's business name. The jury found for the plaintiff, and also found specially that the plaintiff and the defendant were copartners.

*Held*, that the verdict should not be disturbed. The accusation of embezzlement from the T. Company, *i. e.* from the defendant, differs from an accusation of embezzlement from a copartnership composed of the plaintiff and the defendant.

Averring, and failing to prove the truth of libellous matter, may be such aggravation of the libel as to show actual malice and justify punitive damages.

Judgment *non obstante verdicto* is technically only granted to a plaintiff on his motion after verdict for the defendant.

A new trial will not be granted for error in admitting or excluding unimportant testimony.

A motion for nonsuit is ordinarily addressed to the discretion of the court, and a denial of it is not subject to exceptions.

DEFENDANT'S petition for a new trial.

*January* 24, 1891. DURFEE, C. J. This is a petition by the defendant for the new trial of an action on the case against him for libel. The action was tried in the Court of Common Pleas, where the jury returned a verdict for the plaintiff for $300 damages.

The grounds for a new trial alleged in the petition are first, that the court erred in some of its rulings in matter of law, and second, that the damages awarded are excessive. The writing complained of as libellous was contained in a letter written by the defendant, under date of June 27, 1889, to one S. E. Reynolds, and is set forth in the declaration with innuendoes in manner following, to wit : —

" *Tillinghast* (meaning the said plaintiff) *has conveyed the whole business* (meaning the business in which the said plaintiff and defendant had been joint owners) *to us* (meaning the said defendant) *with good-will and privilege to continue under the same style, and now that he has embezzled from the company, and is in the hands of the law* (meaning and intending to charge that the said plaintiff has been guilty of the crime of embezzlement from the said defendant, and that the said plaintiff was thus, as a consequence, thereof, in the hands of the law), *he is endeavoring to do us harm and make things disagreeable by sending out letters, etc., to the effect that he is connected with us.*"

The defendant pleaded the general issue with notice that he would prove the truth of the charge. At the trial the plaintiff called Reynolds as a witness, who testified that he received the letter by mail ; that he had at the time in his possession a sewing-machine which he had received from the plaintiff on trial, with a view to purchase ; that he had previously had one procured from the defendant, which he had returned, and that the letter had reference to said business. The letter was signed " Tillinghast Supply Co., per F. N. McLeod." The witness also testified that he had previously seen a newspaper in which the parties each respectively notified persons owing money to the company not to pay it to the other, and in which the defendant gave notice that the plaintiff was not associated with him in the company. The plaintiff rested after putting in the testimony of Reynolds, and the defendant moved for a nonsuit, which the court declined to order. The defendant then took up the defence, and testified that after November 16, A. D. 1888, he carried on the business alone, under the name of the Tillinghast Supply Company, employing the plaintiff as agent, and that the plaintiff, while acting as agent, collected moneys due to him, the defendant, to the amount of $229.87, which he refused to

account for, appropriating them, or a part of them, to his own use. The defendant admitted that November 15, A. D. 1888, he formed a copartnership with the plaintiff under the firm name of the Tillinghast Supply Company, but testified that hearing that the plaintiff was insolvent, and that the partnership effects were liable to attachment for his debts, he bought the plaintiff out the next day, and received from him a bill of sale of his interest in the property and good-will of the company, paying him $300 therefor. The plaintiff testified that the bill of sale was drawn up and executed, but never delivered, the only purpose being to have it to use for the protection of the partnership effects in case they were attached for plaintiff's debts; that the $300 was not paid therefor, and that the partnership continued until June 1, A. D. 1889. Other testimony going to prove or disprove the continued existence of the copartnership was introduced. The jury, besides finding a verdict as before stated, found specially that the copartnership was not dissolved on November 16, A. D. 1888.

The defendant contends that he is entitled to a new trial because the court below erred in denying his motion for a nonsuit. The motion was denied without any exception taken by the defendant, or any intimation of an intent to except. Besides, such a motion is ordinarily addressed to the discretion of the court, and a denial of it can seldom be matter for exception. The defendant can go to the jury after denial on the plaintiff's evidence, if he chooses, and, if the jury finds for the plaintiff, have his petition to the full court for a new trial on the ground that the verdict is against the evidence. On the other hand, if he elects to submit evidence of his own, the defects, if any, in the plaintiff's evidence may be supplied in the further course of the trial. In that case, if the verdict be for the plaintiff, the court, before granting a new trial, because the evidence is insufficient, will look at it all, not merely at that which was submitted in the opening, since it would be foolish to grant a new trial if the evidence be adequate to the verdict, because some of it was introduced later or earlier than it would have been if the regular order had been observed. Hilliard on New Trials, cap. 11, § 32; *Hampson* v. *Taylor*, 15 R. I. 83, 87.

We do not think that either of the grounds which were urged for a nonsuit can, in the light of all the testimony, avail for a new

trial. One of the grounds is that the letter was privileged, because the defendant wrote it for the protection of his own interests, and because it related to matters in which he and Reynolds, the recipient, had an interest in common. We doubt if this ground be tenable. It would have been enough for the defendant, for the protection of his interests, under his claim that the plaintiff had acted all along as his agent, to notify Reynolds that the agency had existed and had been revoked, and that, if he kept the sewing-machine, he must pay himself, not the plaintiff, for it, and if he returned it, he must return it to himself; and it seems to us that when, going farther, he charged the plaintiff with embezzlement, he went farther than was necessary for his own protection, and introduced a matter in which Reynolds had no interest in common with him. But however that may be, the privilege, if it existed, was *primâ facie* only, subject to rebuttal by proof of actual malice, and we are not prepared to say that the proof was wanting. The jury found that the plaintiff was the defendant's partner, thus virtually finding that the defendant's claim that he was an agent only was false, and presumably that it was *consciously* false, and consequently that the charge of embezzlement predicated upon it was actually malicious. Townshend on Slander and Libel, § 209; Odgers on Libel and Slander, *266 sq.

The second ground is that a partner cannot embezzle the partnership funds, and therefore that to charge him with having done so is not to charge him with embezzlement. The declaration alleges, not that the defendant charged the plaintiff with embezzling the funds of any partnership of which he was partner, but that he charged him with embezzling from the company, by the company meaning himself. For the defendant to charge the plaintiff with embezzling from the defendant himself is to charge him with embezzlement. The letter making the charge states, in parts not set forth in the declaration, " There is but one Tillinghast Supply Company, and we are the ones to get the avail of said company, and the only ones to receive payment and do business in that name," then, after the words recited in the declaration, " *He is in no manner associated with us.*" That such was the libel alleged was recognized on the trial below, by the defendant himself; for, having set up in defence that the alleged libellous letter was true,

he tried to prove its truth by evidence that the plaintiff was his agent simply, not his copartner, and that it was as his agent that he received the money which he had appropriated. If, as the defendant now argues, the libel alleged consisted in charging the plaintiff with embezzling the money of a copartnership of which he was a partner, the evidence would have been irrelevant.

In the course of the trial below the defendant took some exceptions to the admission or exclusion of testimony which he now insists upon ; but they appear to us from an examination of the record too unimportant, even if well taken, to justify the granting of a new trial. Hilliard on New Trials, cap. 3, § 6.

The defendant, after verdict against him, moved for judgment *non obstante veredicto.* The court denied the motion, and the defendant excepted. The ground of the motion was that the verdict of guilty is inconsistent with the special finding that the plaintiff and defendant were copartners. We do not perceive the inconsistency ; for, to repeat ourselves, the libel alleged was that the defendant *falsely* charged the plaintiff with embezzling from himself individually, and this he might do, the existence of the partnership notwithstanding. Besides, such a motion, *technically,* is proper only for a plaintiff after verdict for the defendant on a plea in bad law. *Smith* v. *Smith,* 4 Wend. 468 ; *Schermerhorn* v. *Schermerhorn,* 5 Wend. 513 ; *Stoughton* v. *Mott,* 15 Vt. 162 ; Stephen on Pleading, 97, 98. If, as the defendant seems to suppose, the verdict were in effect a verdict in his favor, his proper motion would be, not for judgment *non obstante veredicto,* but for judgment on the verdict as construed in his favor.

The defendant presses for a new trial because the damages are excessive. The letter to Reynolds was not shown by him to any one until called for by the plaintiff, and hence it is argued that the plaintiff could have received no actual damage from it. There is no reason to suppose that the plaintiff had suffered seriously in his reputation ; but, nevertheless, the charge was serious, and might well distress him. The defendant reiterated it at the trial, and tried to prove its truth. Such an attempt, when it fails, may well be regarded by the jury as an aggravation of the wrong, and often as showing actual malice, warranting exemplary damages. We do not think the verdict should be disturbed on this ground.

The defendant also insists that the verdict was against the evidence and the weight thereof. We are not satisfied that we ought to disturb the verdict on this ground.

*New trial denied, and petition dismissed with costs.*

*Adoniram J. Cushing*, for plaintiff.

*Simon S. Lapham & John T. Blodgett*, for defendant.