WILLIAM COMFORT V. W. M. YOUNG, Appellant.

Libel: PRIVILEGE: *Information filed.* An information filed with the board of insane commissioners, charging a specified person with being a fit subject for custody and treatment in the insane hospital, is not privileged, unless the informant acted in good faith, upon probable cause and without malice.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, JANUARY 22, 1897.

ACTION at law to recover damages for an alleged libel, published by defendant of and concerning the plaintiff. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*H. H. Bezold* for appellant.

*Woodward & Cook* for appellee.

DEEMER, J.—The alleged libelous publication consists of an information, filed by defendant and one G. W. Dickinson, with the board of insane commissioners of Buchanan county, charging that plaintiff was, and is, insane, and a fit subject for custody and treatment in the insane hospital of the state. On this information plaintiff was examined by the physician who was a member of the board, pronounced perfectly sane, and finally discharged, without further action. Plaintiff thereupon commenced this action, alleging that the information was filed and published maliciously, and without probable cause, for the purpose of injuring the plaintiff, to deprive him of his credit and reputation, and to cause it to be suspected and believed that he was insane. The defendant pleaded that he had good reason to believe that plaintiff was insane, and that he filed the information for the good of plaintiff and the public generally, and that the communication was privileged. The exact claim made by defendant in his answer is that, prior to the ninth day of July, 1894, said William Comfort had stated that he (said Comfort) had had a revelation from God to close the creamery at Jesup on Sunday, and to have one Stodard turned out of church for sending milk to said creamery on Sunday, and other sayings of said Comfort in relation to having had revelations from God; and, having heard others say that they believed that said Comfort's mind was affected, this defendant, with one G. W. Dickinson, did, on the ninth day of July, 1894, appear before the clerk of said board of commissioners of insanity, who is also clerk of the district court, filed the information required by statute, and said board proceeded to investigate the grounds of said information in its judicial capacity, and, as such court of investigation, made such findings as it believed correct. On these issues the case

proceeded to trial before a jury, resulting in a verdict and judgment for plaintiff for seven hundred and fifty dollars.

Although appellant has assigned twenty-five errors, he argues none but the one that "the undisputed evidence shows that the information upon which the libel is formed is, and was, a privileged communication." The law in such cases as this is well understood. Persons have the undisputed right to file such informations as the one referred to, when made in good faith, and in the honest belief that the statements therein made are true. But one cannot use such instrumentalities for the express purpose of gratifying his malice or indulging his passions, without making himself answerable to the law. *Mayo v. Sample*, 18 Iowa, 306; *Rainbow v. Benson*, 71 Iowa, 301 (32 N. W. Rep. 352); *Tillinghast v. McLeod* (R. I.) 21 Atl. Rep. 345; *White v. Nichols*, 3 Howard, 266; *Gassett v. Gilbert*, 6 Gray, 94.

The court below gave the jury the following instruction, with reference to the question of privilege: "(11) The real question for you to determine first in this case is: Was the information made by the defendant and filed by him honestly and in good faith, upon probable cause, he believing at the time that the plaintiff was insane, or laboring under an insane delusion, and done for a laudable purpose, to protect himself, his property, or society? And if you find, from the preponderance of the credible evidence in the case, that it was so done, then your verdict should be for the defendant. (12) But if you find that the same was made and filed without probable cause, or without honestly believing that the statements therein were true, but was done to injure the plaintiff in his good name and reputation, or for some advantage over him, then the law would

imply malice, and you should find for the plaintiff."
Appellant makes no complaint, in argument, of these
instructions, and we consequently treat them as
stating correct propositions of law.

His main contention is that the publication was
privileged. We have gone over the evidence with
care, and conclude that the jury may well have found
that defendant was actuated by express malice in
instituting the proceedings complained of. It appears
that plaintiff complained of the operation of a cream-
ery at the town of Jesup on Sunday, and that he caused
the arrest of the corporation operating the same for
violation of the Sunday law. Defendant was inter-
ested in the creamery, and was much provoked on
account of these criminal proceedings; and the jury
may well have found that he filed the information
with the board of insane commissioners for the pur-
pose of bringing plaintiff, who was the prosecuting
witness in the criminal proceedings, into disrepute and
ridicule, to the end that the criminal proceedings
might be abated, or for the purpose of retaliating upon
the plaintiff. The jury was perfectly justified in find-
ing, from the evidence, that the defendant would never
have made the complaint he did, if it had not been for
the criminal prosecution instituted by the plaintiff. It
is not our custom to set out the evidence from which
we draw our conclusions, and there is nothing in this
case which seems to require more than a statement of
ultimate conclusions. It was for the court to deter-
mine whether the publication was privileged or not,
and, if privileged, whether absolutely or conditionally;
but it was for the jury to find whether the proceeding
was instituted through malice. The court below held
that the publication was conditionally privileged, and
left it to the jury to determine whether the proceedings
were instituted through malice.

The case having been properly submitted, and there being sufficient evidence to justify the verdict, the judgment is AFFIRMED.