COAD, Appellant, vs. O'BRIEN, Respondent.

*January 14—May 3, 1927.*

*Assault and battery: Evidence: Sufficiency: Appeal: Briefs containing scandalous statements.*

1. The court having properly instructed the jury and none of the errors assigned being sufficient to require a reversal, a verdict for the defendant, in an action for assault and battery, is affirmed. p. 7.
2. The brief of the defendant, an attorney at law, in his own behalf, and that of the plaintiff, by his attorney, containing scandalous language, are stricken from the files for that reason, and the respondent is denied costs. p. 8.
    STEVENS, J., dissents.

APPEAL from a judgment of the circuit court for Fond du Lac county: JOHN J. GREGORY, Judge. *Affirmed.*

The complaint alleged that at plaintiff's home on December 6, 1925, the defendant, a powerful and large man, violently and maliciously assaulted plaintiff; repeatedly called him vile names; refused to leave plaintiff's house when demanded so to do by plaintiff; several times drew back his right arm as if to strike plaintiff and started a blow in his direction; that plaintiff called the police by telephone; that defendant straddled over plaintiff while plaintiff was reclined in a chair and imprisoned him in the chair and spat in plaintiff's face; that upon a police officer entering the house and

requesting defendant to leave, defendant refused and re-sisted said officer and another in their efforts to remove him and in so doing overturned the furniture and broke the glass in a door.

That plaintiff was put in fear of great bodily harm, humiliated, caused mental suffering, made nervous, and rendered incapable for a time of attending to his business, was injured in his reputation,—all to his damage $3,000.

Upon the trial a general verdict in favor of defendant was rendered. After motions by the respective parties judgment was entered dismissing the action with costs to defendant. From such judgment plaintiff appeals.

*T. L. Doyle* of Fond du Lac, for the appellant.

*James Murray* and *J. E. O'Brien,* both of Fond du Lac, for the respondent.

The following opinions were filed March 8, 1927:

ESCHWEILER, J. The errors assigned by plaintiff have been severally considered and none are found sufficient to require a reversal of the judgment or to need discussion. The plaintiff's evidence, and which would have supported a verdict in his favor, tended to show that the defendant while intoxicated came into plaintiff's dwelling, acted in a violent, abusive, insulting, and threatening manner, spat on plaintiff, refused to leave until dragged out by an officer and others, overturned furniture, and broke the glass in the front door.

The defendant's testimony admitted that he had been drinking, was in plaintiff's house; used angry and abusive language towards plaintiff; but denied spitting on him or of having any intention to strike or harm plaintiff.

The court properly instructed the jury as to the law and the jury found for the defendant, and we cannot disturb the verdict.

Upon the record presented we should have been much better pleased had the verdict been the other way.

The briefs here presented, that of defendant respondent, an attorney at law, on his own behalf, and that for plaintiff appellant, by his attorney, contain scandalous language used by the writer of each towards the other.   Such briefs are stricken from the files for that reason.

*By the Court.*—Judgment affirmed, no costs in this court to respondent.   The respective briefs to be stricken from the files.

STEVENS, J. (*dissenting*).   The constitution guarantees to every person a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property, or character.   Viewing the case in the light of the testimony of the defendant alone, I am satisfied that the plaintiff did suffer wrongs at the hands of the defendant for which he is entitled to recover in this action.   The "certain remedy" which the law has given plaintiff is that he be dismissed from the courts of Wisconsin remediless, charged with the obligation of paying the taxable costs of the one whose wrongful acts made necessary this abortive attempt to vindicate his rights through the processes of the law.

I fully concur in the conclusion of the court that both briefs in this case should be stricken from the files.   My only ground of dissent on this branch of the case is that the court does not go further and strike from the answer the scandalous matter with reference to plaintiff's counsel that is set forth in the second counterclaim.

Defendant is an able lawyer of many years experience who is thoroughly familiar with the rules of pleading.   He demonstrated his knowledge of these rules in that portion of the counterclaim which alleges that this action was brought and maintained because of a conspiracy between the plaintiff and his counsel.   After properly alleging this conspiracy, defendant sets forth a series of rumors as to the conduct of plaintiff's counsel which very plainly is pleaded

solely for the purpose of gratifying defendant's malice, because he expressly alleged that he had no knowledge as to the truth of these rumors and he made no attempt upon the trial to establish either the existence or the truth of such rumors.

The efficient administration of justice requires that a party to an action should be privileged to allege all facts pertinent and material to his cause of action or defense. But a party cannot make use of a pleading "for the express purpose of gratifying his malice or indulging his passions." *Comfort v. Young,* 100 Iowa, 627, 629, 69 N. W. 1032, 1033. "A rule which tolerates and encourages gratuitous, immaterial, and malicious attacks upon a litigant" (or upon his counsel), "and excuses and justifies them, simply affords an opportunity for evil-disposed persons to vilify and calumniate, under the guise of an honest effort to secure the proper administration of justice." *Sherwood v. Powell,* 61 Minn. 479, 481, 63 N. W. 1103, 1104.

Where it clearly appears that scandalous matter is pleaded for the purpose of gratifying malice or of. indulging one's passion, courts ought to promptly purge their records of such scandalous matter and discipline the members of the bar who prostitute their privilege as officers of the court to the mere personal gratification of passion or malice.

The appellant moved for a rehearing.

In support of the motion there was a brief by *J. G. Hard-grove* of Milwaukee.

In opposition thereto there was a brief by *J. E. O'Brien* of Fond du Lac, *in pro. per.*

The motion was denied, with $25 costs, on May 3, 1927.