[No. 12621. Department Two. December 23, 1915.]

## OLYMPIA WATER WORKS, *Respondent*, v. GEORGE A. MOTTMAN, *Appellant*.[1]

LIBEL AND SLANDER — ACTIONABLE WORDS — INJURY TO BUSINESS. Statements concerning a water company's sole supply for a city of seven to ten thousand inhabitants, to the effect that the city's drinking water comes through an open ditch past China gardens, that every time it rains "we drink drainage water," also implying that there were worms and maggots in dead ends, and stating that "not later than last Sunday" hogs, ducks, and geese were found wallowing in the supply ditch, are libelous *per se;* as the charge imputes the continuous furnishing of impure water by the company in its business, and cannot be excused as merely spoken of the water.

SAME—CIVIL ACTION—MALICE. Malice is not an essential ingredient of civil libel in this state.

SAME—LIBEL PER SE—INJURY TO BUSINESS—SPECIAL DAMAGES—NOMINAL DAMAGES. Where charges concerning one's business are libelous *per se*, special damages need not be alleged or proved to entitle plaintiff to nominal damages.

SAME—MALICE—EVIDENCE—MATERIALITY. Where excerpts from circulars published concerning plaintiff's business were libelous *per se*, so that proof of malice was unnecessary, it is not error to exclude the entire circulars, offered in evidence by defendant for the purpose of disproving malice.

SAME—ACTIONS—BURDEN OF PROOF—STATUTES—TRIAL—RIGHT TO OPEN AND CLOSE. In an action for libel, where the principal defense was that the words were not written of the defendant, a water company, but of the water, the burden of proof is upon the plaintiff, who therefore has the right to open and close, in view of Rem. & Bal. Code, § 292 which provides that, if the allegation that the matter was published of the plaintiff is denied, the plaintiff shall be bound to establish on trial that it was so published.

TRIAL — VERDICT — SEVERAL CAUSES — SUBMISSION. Where a complaint for libel states several causes of action, the cause may be submitted to the jury to find separately on each cause.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered June 30, 1914, upon the

[1]Reported in 153 Pac. 1074.

verdict of a jury rendered in favor of the plaintiff, in an
action for libel.   Affirmed.

*Troy & Sturdevant* and *Geo. F. Yantis*, for appellant.

*Thomas M. Vance* and *Hardy Woodley & Behrends*, for
respondent.

PER CURIAM.—The respondent, Olympia Water Works,
the proprietor of the only water supply of the city of Olym-
pia, brought this action to recover damages from the ap-
pellant for the publication of three alleged libels, as follows,
each libel being set out as a separate cause of action:

"We have been drinking for a good many years the water
that comes through an open ditch past China gardens, and
every time it rains to this day we drink drainage water, yet
our wise people never say a word of complaint, it is good
water because we pay a big price for it."

"No dead ends in mains—no worms, maggots, no surface
water from Chinese gardens in your supply when the city
owns the water works."

"Mr. Scott Shazer, and other citizens of Olympia, on look-
ing over our present water supply found hogs, ducks, and
geese wallowing in the present ditch that supplies us, not
later than last Sunday, July 13, 1913."

A trial was had to the court and a jury, the jury finding
for the plaintiff on each cause of action, assessing no dam-
ages for the first two causes, and finding damages of one
dollar on the third cause.

The first assignment of error is predicated on the holding
of the trial court that the words are libelous *per se*, and that
neither malice nor special damage to the plaintiff need be
proved.   The court, by rulings and instructions, adopted the
theory that the words were libelous *per se* and that malice
was not an ingredient of civil libel in this state, and we are
agreed that the rulings were correct.   Any doubt existing
at the time of the trial of this case as to the necessity of
showing malice in an action for civil libel has since been

settled by the case of *Wilson v. Sun Publishing Co.*, 85 Wash. 503, 148 Pac. 774. In that case, filed since the briefs in this case were written, we considered the arguments advanced here and reached the conclusion that "malice is not an essential element of civil libel." The decision in that case is decisive of the questions of malice involved here, and there is no need to further review the subject. There was, therefore, no error in refusing to require the respondent to establish that the words were written maliciously.

Appellant finds no fault with the rule of law applied by the trial court, that an imputation of a man in the way of his trade is libelous *per se* and actionable without an allegation of special damage (*Pennsylvania Iron Works v. Voght Machine Co.*, 29 Ky. Law 861, 96 S. W. 551; Newell, Slander and Libel (3d ed.), p. 1035) but does contend that the words here written were not an imputation on the respondent in its business, but that they were spoken of the water and were, therefore, not libelous. While most of the cases cited by the respondent to show that the language in this case is libelous *per se* were cases in which the references made were to the goods or business of persons disclosed in the matter itself, defamatory words referring to ascertainable persons are actionable to the same extent as those referring to designated persons. 25 Cyc. 362. When we consider the matters here set out as being written, in midsummer, of the sole supply of water for drinking and other domestic purposes of a city having from seven to ten thousand inhabitants, and that supply owned by the respondent, it seems clear that the charge imputes that the respondent furnishes impure water to the city, a charge which undoubtedly would injure the respondent's business. The ordinary mind readily notices in the language used the charge or imputation of filth and pollution in the water sold and delivered to thousands of dependent and unsuspecting people for their drinking and other domestic purposes. The language, viewed with reference to its setting, punctuation, and in the third

charge the particular words "not later than," negatives the
idea of a single, detached, individual or accidental instance,
and necessarily conveys the idea of continuing or frequent
and permissive contamination of the city's water supply. The
charges here were libelous *per se*, and special damage need
not be alleged and proved to entitle respondent to nominal
damages. *Wilson v. Sun Publishing Co., supra.*

The libelous statements were excerpts from circulars pub-
lished by the appellant, and appellant sought to introduce
in evidence the entire circulars. The offers were refused, and
error is sought to be predicated on the refusal. The prin-
cipal ground on which it urged that the entire circulars were
admissible is the claim that the particular paragraphs, when
read in connection with the entire circulars, would show that
there was no malice. As malice was not an essential part of
the respondent's case, their admission would not be necessary
for that purpose; and as the other matter in the circulars
was immaterial for any other purpose and did not mitigate
the libelous matter, the court committed no error in exclud-
ing it. *Quinn v. Review Publishing Co.,* 55 Wash. 69, 104
Pac. 181, 133 Am. St. 1016.

Appellant contends that, under the rule announced in *Hall
v. Elgin Dairy Co.,* 15 Wash. 542, 46 Pac. 1049, he should
have been permitted to open and close the argument to the
jury. Rem. & Bal. Code, § 292 (P. C. 81 § 275), provides
that, if the allegation that the matter was published of the
plaintiff is denied, "the plaintiff shall be bound to establish
on trial that it was so published or spoken." The principal
defense in this case was that the words were not written of
the respondent but of the water, and the respondent (plain-
tiff) therefore had to sustain the burden of establishing that
the words were published of it. In *Hall v. Elgin Dairy Co.,*
the burden was on the defendant to establish the justification;
in this case, on the plaintiff to establish that the libel was of
it. The right to open and close goes to the party having to

sustain the burden of proof, which in this case was the plaintiff (respondent).

Finally, it is contended that the court erred in submitting each cause of action for a separate verdict or finding. No authority is cited in support of the contention, and we have been unable to find any so holding. Where the complaint contains several causes of action, the cause may be properly submitted to the jury to find separately on each cause.

We find no error in the judgment, and it is therefore affirmed.