[No. 13367.  Department One.  November 17, 1916.]

CYCLOHOMO AMUSEMENT COMPANY, *Respondent*, v. HAYWARD-LARKIN COMPANY, *Appellant.*[1]

LIBEL AND SLANDER—WORDS LIBELOUS PER SE—INJURY TO BUSINESS—STATUTES.  Billboard posters, printed in red ink, stating that theaters employing incompetent help are dangerous, those employing competent help display a union card, and that plaintiff's theater cannot display such card, are libelous *per se*, within the definition of libel in Rem. 1915 Code, § 2424, relating to publications that injure a person in his business or occupation.

SAME—LIBEL PER SE—DAMAGES—LOSS OF PATRONAGE—EVIDENCE. Where a publication is libelous *per se* as injuring one's business, a recovery of substantial damages is sustained by proof of loss of patronage without other evidence of the amount of damages.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 1, 1914, upon findings in favor of the plaintiff, in an action for libel, tried to the court.  Affirmed.

[1]Reported in 160 Pac. 1051.

*Charles P. Lund*, for appellant.

*Thos. A. Scott*, for respondent.

Mount, J.—This action was brought to recover damages to plaintiff's business by reason of the publication of an alleged libel by the defendant. The case was tried to the court without a jury. Upon the trial, the court made findings and conclusions in favor of the plaintiff, and assessed damages against the defendant in the sum of $300. The defendant has appealed from a judgment entered upon the findings.

It appears that the plaintiff was engaged in the moving picture theater business in the city of Spokane, and was conducting the Majestic theater. The defendant was engaged in the advertising business in said city. Prior to February 11, 1913, the plaintiff had some differences with the moving picture operators' union and was not employing union men in its theater. About that date certain members of the union caused to be printed and delivered to the defendant's plant for posting a number of posters which the court held to be libelous. These posters are two feet wide by three feet long. They are printed in bright red ink upon a white sheet of paper. At the top in large letters is the word "Danger." Following this in smaller letters are these words, "Do you know that a theatre that employs incompetent operators endangers your life? Do you know that the theatres that employ competent help display this card in the box office?" Then follows a copy of a union card. Following the card are these words, "Do you know that the Arcade and Majestic theatres *cannot* show this card?"

These posters were posted upon defendant's billboards and were distributed about the city of Spokane. There is no dispute as to the fact of posting, but there is some dispute as to the length of time some of these posters remained posted.

Two points are made by the appellant upon this appeal. First, that the posters as published by the appellant are not

libelous *per se;* and second, if libelous, there was no proof to
sustain a judgment of $300.

The poster, upon its face, very clearly states that theatres
which employ incompetent help endanger the lives of the
patrons of such theatres, that theatres which employ compe-
tent help display a union card, and then the poster says,
"Do you know that the Arcade and Majestic theatres *cannot*
show this card?" Here is a direct and positive declaration
that the Majestic theatre is a dangerous place because of
incompetent help. Nothing else can be made of this poster.
It is printed in red ink upon a white background, indicative
of danger. There can be no doubt that the object of dis-
playing these posters upon the bill boards in the city of Spo-
kane was to prevent people from attending the theatres
named. It had no other object.

The statute, at § 2424, Rem. 1915 Code, provides,

"Libel Defined. Every malicious publication by writing,
printing, picture, effigy, sign or otherwise than by mere
speech, which shall tend: . . . (3) To injure any per-
son, corporation or association of persons in his or their
business or occupation, shall be a libel."

The next section provides:

"Every publication having the tendency or effect men-
tioned in section 2424 shall be deemed malicious unless justi-
fied or excused."

There can be no doubt that the purpose of displaying these
posters in the public places of Spokane was to injure the
Majestic theatre in its business. These posters were clearly
libelous *per se* within the terms of the statute. *Wilson v.
Sun Publishing Co.,* 85 Wash. 503, 148 Pac. 774.

It is next contended that there was no proof to justify a
judgment of $300. As we have seen above, the posting of
these posters was libelous *per se.* The rule is stated in 25
Cyc. 531, as follows:

"If the publication is actionable *per se,* plaintiff is not
required to introduce evidence of actual damage to entitle

him to substantial damages. Since in the absence of any evidence of damage the law presumes damages."

And in the same volume at page 533:

"Under a general allegation of loss of business it is competent for plaintiff to prove a general loss or decline of patronage. Moreover where the words are actionable *per se* as affecting plaintiff in his business the jury may award such substantial damages as will compensate for the general injury to business, although no evidence whatever as to damages is offered by plaintiff."

In this case, however, the respondent offered evidence showing a decline in patronage after the publication of these posters, and if the general rule were not as above stated, we are satisfied that there is sufficient in the evidence to show that the court was very moderate in assessing damages in the sum of $300.

We find no error in the record, and the judgment is affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.