[No. 19068.   Department Two.   March 12, 1925.]

LOUIS GRAHAM *et al., Appellants,* v. STAR PUBLISHING COMPANY, *Respondent.*[1]

LIBEL AND SLANDER (3, 6)—WORDS LIBELOUS PER SE—CHARGING CRIME. It is libelous *per se* to falsely publish of a police officer that he was one of forty officers who had been discharged from the service for the commission of offenses ranging from burglary and manslaughter, to being drunk on duty.

SAME (11, 16)—QUALIFIED PRIVILEGE—MALICE—EXCEEDING PRIVILEGE OR RIGHT—FALSITY OF CHARGE. In libel and slander, defendant cannot claim, on demurrer, that the complaint shows a qualified privilege, where it alleges that defendant maliciously published a false charge that a police officer had been discharged from the service because of the commission of a crime; since by the malice and falsity the privilege was exceeded.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 19, 1924,

[1]Reported in 233 Pac. 625.

upon sustaining a demurrer to the complaint, dismissing an action for libel.  Reversed.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for appellants.

*Herr, Bayley & Croson,* for respondent.

MACKINTOSH, J.—After demurrer had been sustained to the appellants' amended complaint, judgment of dismissal was entered, the appellants having elected to stand on the record, and they have now appealed.

The amended complaint seeks damages for a libel. It alleges that Louis Graham has been for some years past, and still is, a member of the police department of the city of Seattle, and that the respondent is the publisher of a daily newspaper in that city.  On June 3, 1924, it alleges, the respondent maliciously published of and concerning the appellant certain false and defamatory matter to the effect that he had been involved in criminal conduct while a police officer and had been discharged by reason thereof from the department; that Louis Graham was not involved in any crime or criminal conduct while on the police force, or at any other time, and was never discharged from the department; that the publication in question was calculated to provoke the appellants to wrath and to expose them to hatred, ridicule and obloquy, and to deprive them of the benefits of social intercourse, and to the injury of Louis Graham in his occupation, and has caused them great suffering and mental anguish.  Sufficient of the article in question for the purpose of this opinion is as follows:

(Headlines)

"40 Officers Involved in Crime, Records Show Booze Is Cause of Trouble.

"Some of Accused are Back Again on Force, Doing Duty Here."

In the body of the article appears this:

"In the past few years more than 40 Seattle police-men, according to the records, have been dismissed or suspended for offenses ranging from burglary and manslaughter to being drunk on duty. . . . Here is an incomplete list of some of the former policemen: . . . Patrolman Louis Graham, fired, 1920. . . ."

The appellant's name, as above, appears in a list of 32 police officers.

The question for consideration, as stated by the respondent, is, first, is the article libelous *per se;* second, if libelous *per se,* does qualified privilege excuse the respondent?

(1) There being no allegation of special damages, the complaint to be sufficient must set up matters which are libelous *per se. Wilson v. Sun Publishing Co.,* 85 Wash. 503, 148 Pac. 774, Ann. Cas. 1917B 442. This court has had under consideration the question of what constitutes libel *per se. Quinn v. Review Publishing Co.,* 55 Wash. 69, 104 Pac. 181, 133 Am. St. 1016, 19 Ann. Cas. 1077; *Lathrop v. Sundberg,* 55 Wash. 144, 104 Pac. 176, 25 L. R. A. (N. S.) 381; *Wells v. Times Printing Co.,* 77 Wash. 171, 137 Pac. 457; *State v. Sefrit,* 82 Wash. 520, 144 Pac. 725; *Wilson v. Sun Publishing Co., supra; Dick v. Northern Pac. R. Co.,* 86 Wash. 211, 150 Pac. 8, Ann. Cas. 1917A 638; *Olympia Water Works v. Mottman,* 88 Wash. 694, 153 Pac. 1074; *Cyclohomo Amusement Co. v. Hayward-Larkin Co.,* 93 Wash. 367, 160 Pac. 1051; *McKillip v. Grays Harbor Publishing Co.,* 100 Wash. 657, 171 Pac. 1026. We have stated the answer to be that any publication which falsely charges a person with the commission of a crime or comes with § 2424, Rem. Comp. Stat. [P. C. § 8953], is libelous *per se,* and the determination of whether a given article is libelous *per se* is one for the court to make, and in doing that the article should be

read as an entirety and considered in its natural and obvious sense and not extended by the conclusions of the pleader, and the defamatory matter must be certain and apparent from the words themselves. Applying these rules, it seems hardly open to serious contention that the article set out in the amended complaint is not libelous *per se*. To the most lowly understanding the natural meaning of the words quoted is that forty officers in the Seattle police department have within a few years been dismissed for the reason that they have committed crimes, the maximum of which is manslaughter and the minimum, drunk on duty, and that the appellant Louis Graham was dismissed from the department in 1920 for having committed one of those crimes. Certainly the article, thus charging appellant with the commission of a crime, if untrue, as alleged, is libelous *per se*. It is also libelous *per se* in that it is such a charge, even though not that of committing a crime, as would bring him into public hatred, contempt and ridicule, and charges a socially odious and disgraceful act tending to injure his character, blacken his reputation and make him contemptible in public esteem, to deprive him of public confidence and to injure him in his occupation.

The respondent places some reliance on the opinion of this court in *Wood v. Star Publishing Co.*, 90 Wash. 85, 155 Pac. 400, where we held that the article there under consideration was not libelous *per se* for the reason that it did not charge the commission of a crime. The court held there that the article did not charge a crime, although the complaint asserted that the plaintiff had been charged with the crime of attempting a bribery, where as the facts set out in the article itself showed that the plaintiff could not have been so guilty. That being true, the article was not libelous *per se* in not charging the commission of a crime, there being, as

the opinion states: "No language used which tends to expose him to public hatred, ridicule, or obliquy. . . ." The article in that case was, therefore, not libelous in any respect.

In the case at bar, the article not only charges the appellant with the commission of a crime, but, unlike the article in the *Wood* case, the language used tends to do things which come within § 2424 *supra*.

(2) The second point urged against this amended complaint is that the article was proper under a qualified privilege, and respondent asserts that matters concerning the administration of the government or public justice or local authorities fall within the rule of qualified privilege, and, in the absence of malice, the publisher cannot be held liable in damages. *Chambers v. Leiser*, 43 Wash. 285, 86 Pac. 627, 10 Ann. Cas. 270; *Coffman v. Spokane Chronicle Publishing Co.*, 65 Wash. 1, 117 Pac. 596, Ann. Cas. 1913B 636; *McKillip v. Grays Harbor Publishing Co.*, *supra;* and *Ecuyer v. New York Life Ins. Co.*, 101 Wash. 247, 172 Pac. 359, L. R. A. 1918E 536. There is more than one answer to this. In the first place, the complaint alleges that the article was maliciously published, and this is a matter which is admitted by the demurrer, and one which, even if the article comes within the definition of qualified privilege, the appellant would have the right to prove. Second, the privilege ends when falsity begins, and if, as the complaint alleges, the charge is false, the privilege, if there was one, was therefore exceeded. *Quinn v. Review Publishing Co.*, *supra.* Neither ground urged by the respondent sustains the dismissal of this complaint upon demurrer. For that reason the judgment is reversed and the cause remanded for trial.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.