## NICHOLS v. J. J. NEWBERRY CO.

### No. 10709.

Circuit Court of Appeals, Ninth Circuit.

June 12, 1945.

Bernard L. Swerland and Edward M. Connolly, both of Spokane, Wash., for appellant.

Edge, Davenport, Keith & dePender, Lester P. Edge, and Harry T. Davenport, all of Spokane, Wash., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

This is a libel suit in which appellant sought damages for the libelous publication by appellee of a photograph of appellant in which he is referred to as a "check artist".

During the times herein mentioned, appellee owned and operated a store in the City of Spokane, State of Washington. Appellee was a member of the Spokane Chamber of Commerce, which has as one of its departments a Retail Credit Bureau. Among its various activities, the Retail Credit Bureau obtains from the Spokane Police Department photographs of shoplifters, forgers and such criminals which photographs it distributes to its merchant members to enable them to protect themselves against loss by theft or acceptance of worthless checks.

Appellant testified that he was "arrested in Spokane for forgery April 17, 1941, upon the charge of a Mr. Hummer who operated a service station and confectionery. * * * They were some folks who identified me as the man who cashed these checks * * * in Paul's place, and Pearl Henderson, the grocery lady, identified me as having cashed checks. Also Elmer J. Hummer. Hummer was the fellow who swore out the warrant for me. He identified me as the man who cashed the checks in his place; also some one from the Royal Men's Shop identified me

too; also Mae Chipman who lives right across the street about 200 feet from my home, she identified me."

Appellant further testified that "he had been kept in jail for twenty-seven days and nights and charges were subsequently dismissed."

In its Spokane store, the appellee maintained a restroom for its employees. In this room, it had placed a bulletin board on which were displayed various photographs of forgers, shoplifters, etc., which had been furnished by the police department to the Retail Credit Bureau and by them distributed to the appellee. One of these photographs captioned "check artist" by the police department was on the bulletin board and was identified by appellant as being his picture. The use of this restroom was restricted to employees, and others who entered or attempted to enter were advised that the rooms were for employees only.

After denying the affirmative matters in the appellant's complaint, the appellee defendant as an affirmative defense pleaded that any communication of the said photograph by the appellee was made in good faith and without malice, that it relied upon the representations of the police department, and further that such publication to the appellee's employees was only to prevent the acceptance of worthless or questionable checks in the appellee's store, and that such a publication was privileged.

■ The jury found for the appellee. From the judgment of the lower court this appeal is taken. There are two questions to be considered here. The first question raised by the appellant is that the verdict is contrary to the evidence. Where there is any substantial evidence to sustain the verdict, this court will not disturb it.

The other error relied upon by the appellant has to do with objections to the position taken by the trial court as to the legal aspects of the case evidenced by the court's rulings and instructions. In brief, the court instructed the jury that if they found the libel was published by the defendant appellee, that unless the matter contained in the libel is true or unless its publication is privileged, the plaintiff would be entitled to recover damages.

Appellant insists that the law as stated in the decisions of the Supreme Court of the State of Washington is that if the matter published is false it is not privileged under any circumstances. Several Washington cases[1] have held that privilege ends where falsity begins, but these are all cases where the publication was made by newspapers and radio, and the court rightly held that before the libel is broadcast to the world, the author must be sure of its correctness. In the instant case, the action taken by the appellee was on information collected by the police, and the information was intended for employees only, and made use of solely to save appellee from loss.

In Holden v. American News Co., 52 F. Supp. 24, 33, the District Court for the Eastern District of Washington, Northern Division, reviewed the Washington cases and pointed out the distinctions. Judge Schwellenbach who wrote the opinion in the Holden case was also the trial court in this case, and in the opinion of the case at bar, he quoted from his former opinion as follows:

"* * * In such cases [cases involving the qualified privilege] actual malice must be proved before there can be recovery. This follows from the very nature of the privilege, which in itself is a complete defense in the absence of malice. * * * The difficulty in the problem evolves from the use in Graham v. Star Pub. Co., 133 Wash. 387, 233 P. 625, 626, of this language: 'The privilege ends when falsity begins, and if, as the complaint alleges, the charge is false, the privilege, if there was one, was therefore exceeded.' It takes a casual analysis to appreciate the sharp conflict between these two holdings. In Washington, the doctrine that truth constitutes a complete defense has been recognized since Haynes v. Spokane Chronicle Publishing Co., 11 Wash. 503, 39 P. 969. *Since truth is a complete defense, resort to the defense of privilege only becomes necessary when falsity is involved.* It necessarily follows, therefore, that if Graham v. Star Pub. Co., supra, correctly states the rule, the defense of qualified privilege is, for all practical purposes, abolished in this state. * * * it is possible to reconcile the apparently irreconcilable positions taken by the Washington court; this, despite the fact that that court itself has never attempted so to do. In those cases arising out of com-

---

[1] Graham v. Star Pub., 133 Wash. 387, 233 P. 625; Hollenbeck v. Post-Intelligencer Co., 162 Wash. 14, 297 P. 793; Miles v. Louis Wasmer, Inc., 172 Wash. 466, 20 P.2d 847.

munications where the privilege claimed is based upon the fact that the communication is 'made touching a matter in which the party making it has an interest to another having a corresponding interest', *the falsity of what is spoken or written does not destroy the qualified privilege in the absence of malice.* * * * In cases where the words spoken or written concern 'matters of public interest, such as matters concerning the administration of government, matters relating to the management of public institutions and local authorities, and matters pertaining to the administration of public justice,' the helping hand of qualified privilege is only given to those whose words and writings are true. * * *" [Emphasis added.]

This statement of Judge Schwellenbach seems to us to be an accurate and fair summation of the Washington law on the subject.

■ In cases like the instant one where the party having an interest makes the statement alleged to be libelous to another having a corresponding interest, as between employer and employees in the ordinary course of business, such a communication is privileged, and unless the privilege is exceeded malice or bad faith must be shown although the publication may be false.

■ In the appellee's case, the bona fide display of the pictures of check artists and shoplifters was found by the jury under appropriate instructions not to be in excess of the occasion privileged.

The judgment is affirmed.