[No. 31699.   *En Banc.*   September 25, 1952.]

WILLIAM J. GAFFNEY, *Respondent,* v. SCOTT PUBLISHING
COMPANY *et al., Appellants.*[1]

[1]Reported in 248 P. (2d) 390.

*Moulton, Powell & Gess* and *Dean W. Loney,* for appellants.

*Wm. J. Gaffney, pro se.*

*Witherspoon, Witherspoon & Kelley, Eisenhower, Hunter & Ramsdell, Graham, Green, Howe & Dunn, Wright, Innis, Simon & Todd* and *Tanner, Garvin & Ashley,* amici curiae.

OLSON, J.—This is an action for civil libel. The complaint states two causes of action, each arising out of an editorial published by defendants concerning plaintiff when he was prosecuting attorney of Franklin county. A demurrer to both causes of action was overruled by this court. *Gaffney v. Scott Publishing Co.,* 35 Wn. (2d) 272, 212 P. (2d) 817 (1949). The cause was tried to a jury, and a verdict returned for the defendants on the first cause of action and for the plaintiff on the second. Defendants have appealed from the judgment entered on the verdict against them.

The editorial upon which the second cause of action rests, is set forth in full in our previous opinion under the heading, "Gaffney Hasn't Learned," p. 275. By the law of the case established in that opinion, the editorial is libelous *per se.*

Defendants alleged "fair comment" as an affirmative defense, including allegations of their honest belief in the truth of the publication, their good faith, and lack of malice or intention to harm plaintiff. All these allegations were stricken on motion of the plaintiff. The court ruled that the defense of truth was the only one available to defendants, and adhered to this ruling in instructing the jury. Defendants' assignments of error upon this ruling and upon

the instructions given and proposed will be considered together.

■ The principal defenses to an action upon a publication libelous *per se* are consent, truth, absolute privilege, qualified or conditional privilege, and fair comment or privileged criticism. See 3 Restatement, Torts, 215. There is no consent or occasion of absolute privilege in this case. In the argument on the demurrer before this court, defendants (then respondents) urged in their briefs that the editorials were within the privilege accorded to newspapers when making open comment concerning public officers. Also, upon the face of the complaint, it was apparent that it pertained to a public officer. The question of privilege was raised and reached by the demurrer. *Arnold v. National Union of Marine Cooks & Stewards Ass'n*, 36 Wn. (2d) 557, 563, 219 P. (2d) 121 (1950).

■ Whether that claim be classified as one of qualified or conditional privilege, or as one of fair comment or privileged criticism, we need not decide. Nor need we decide whether or not the editorial contains statements of fact or conclusions, in connection with the possible applicability of the defense of fair comment or privileged criticism. However the defense be designated, in the previous decision of this case the court held (p. 276):

"The law properly gives to the public press encouragement to voice its criticism of the conduct of public officials; but, in the exercise of such privilege, a publication which imputes to them misconduct in office, want of official integrity or fidelity to public trust, if false, is a violation of that privilege and gives rise to an action for damages. [Citing cases and authorities.]"

This eliminated all issues in the case except that of truth. In other words, the law of the case is that any privilege defendants may have had was abused if the publication was false. The evidence upon this issue was in conflict. It presented a question to be submitted to the jury, under proper instructions. We find no error in the instructions given or in the refusal to give those proposed. The verdict rests upon substantial evidence, and we will not disturb it.

The defendants also assign error (1) upon the exclusion of a certain radio address made by plaintiff shortly after the publication of the editorial; (2) upon the failure of the court to permit cross-examination of plaintiff regarding the trial of one Connell, subsequent to the publication of the editorial, for the offense described in the editorial; and (3) upon the exclusion of evidence pertaining to a vice raid made in the county soon after the date of the editorial. Defendants contend that these rulings excluded evidence relevant to the issue of the truth of the statements in the editorial.

Regarding (1), admittedly nearly all of the radio address was irrelevant. Assuming, as defendants contend, that a portion of it disclosed plaintiff's attitude of mind, and that his attitude was relevant, he was subjected to cross-examination on any relevant matters in the radio address itself. Plaintiff's answers to these questions and others were, in substance, the same as his radio address. The defendants were not prejudiced, in any event, by this ruling.

As to (2), the failure of plaintiff to prosecute this case and his reasons for not doing so were explored in his cross-examination. The action of plaintiff before the publication was the issue raised by the editorial, and not whether Connell was guilty.

Regarding (3), the raid was not shown to have been conducted by plaintiff, nor was the conduct of such raids within his duties as prosecuting attorney. This proffered evidence was not relevant. We find no merit in these claims of error.

The basic portion of this decision is, of necessity, upon quite narrow ground. The trial court was bound to follow the established law of the case, and our only inquiry is whether or not it did so correctly. There may be merit in the contention of counsel, particularly as set forth in the excellent brief and argument of *amici curiae*, that some of the law of libel expressed in our previous decisions should be recanvassed. This subject was considered upon the first assignment of this case and also upon its reassignment after

further conference, but we have concluded that we are foreclosed from its determination in this proceeding.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, DONWORTH, and WEAVER, JJ., concur.

HAMLEY, J. (dissenting)—The trial court precluded appellants from presenting to the jury the defense of privileged criticism. On appeal, the majority declines to review the correctness of that ruling. The reason given is that the trial court's action was required by a holding of this court in the first *Gaffney* opinion, which holding became the law of the case. The holding referred to is this:

"The law properly gives to the public press encouragement to voice its criticism of the conduct of public officials; but, in the exercise of such privilege, a publication which imputes to them misconduct in office, want of official integrity or fidelity to public trust, if false, is a violation of that privilege and gives rise to an action for damages." *Gaffney v. Scott Publishing Co.,* 35 Wn. (2d) 272, 276, 212 P. (2d) 817.

Is this statement the law of the case, or is it *dictum* of no controlling force here? The only question before us on the last appeal was whether the trial court's action in sustaining a demurrer to the complaint was correct. Scott Publishing Company there argued that the demurrer was properly sustained because no special damages were alleged and the publication was not libelous *per se.* We rejected that contention. The company further argued that, even if libelous *per se,* the complaint showed on its face that the defense of privileged criticism applied. It was in response to this contention that we announced, in our previous opinion, the rule quoted above.

In my view, the holding in question was unnecessary in disposing of the company's contention. There is no defense of privileged criticism if the publication is motivated by malice. 3 Restatement, Torts, 275, 278, § 606, comment d. As reported in the first *Gaffney* opinion, the complaint alleged malice. This allegation was admitted by the de-

murrer. Hence the demurrer itself negatived any reliance upon the defense of privileged criticism at that stage of the case. We expressly so held in *Graham v. Star Publishing Co.,* 133 Wash. 387, 391, 233 Pac. 625.

That was all we needed to say in our earlier opinion in disposing of the company's contention. When we went further and purported to lay down a substantive rule regarding the defense of privileged criticism, we were, in my opinion, indulging in *dictum* which could not become the law of the case.

Assuming, however, that the quoted holding was not *dictum,* or that, even if it were, it became the law of the case, it seems to me that such holding is not an answer to the contention which appellants here make.

The trial court apparently construed this portion of our previous opinion as holding that, in applying the defense of privileged criticism, defamatory expressions of opinion concerning public officers are to be divided into two categories —those which are only moderately defamatory and those which are a great deal more defamatory and go so far as to charge misconduct in office, or want of official integrity or fidelity to public trust. Under this construction, the rule, as announced in the first *Gaffney* opinion, would be that moderately defamatory expressions of opinion are subject to the defense of privileged criticism, but that where the expressions are extremely defamatory, the privilege has been "exceeded," and is not available to a defendant.

The trial court is certainly not to be blamed for so construing the quoted language, especially since the majority now apparently adopt this same construction. In my opinion, however, an analysis of the language in question, made in the light of accepted general principles, will demonstrate that no such meaning was intended.

This conclusion is more readily reached when it is appreciated that any such rule classifying defamatory expressions of opinion into two such groups, for the purpose of applying the defense in question, is not supported by the authorities. There are several earlier decisions of this court, and some independent authorities (cited in the first *Gaffney*

opinion) which use language similar to that now under examination. I believe, however, that in each case the language used had a meaning quite different from that which the trial court and the majority now attribute to these words.

That the accepted rule relating to this defense involves no classification of libelous expressions of opinion into degrees of defamation is made clear by 3 Restatement, Torts, 275, § 606, where the defense of privileged criticism is fully set out. It is there indicated that the defense, if otherwise available, is applicable to all "defamatory" expressions. The term "defamatory" is defined as including communications which reflect unfavorably upon one's personal morality or integrity, as well as those which are derogatory in a lesser degree. 3 Restatement, Torts, 140, § 559, comment b.

Why the quoted holding cannot mean what the trial court and the majority say it does—and what it really means—can best be demonstrated by referring to some general principles of the law of libel applicable in this case.

The defense of privileged criticism is limited to expressions of opinion, and furnishes no immunity if the statement appears as fact. *Burt v. Advertiser Newspaper Co.*, 154 Mass. 238, 28 N. E. 1; *Hubbard v. Allyn*, 200 Mass. 166, 86 N. E. 356; *Eikhoff v. Gilbert*, 124 Mich. 353, 83 N. W. 110; Prosser on Torts 842, § 94; Odgers on Libel and Slander (5th ed.) 196, 197; 3 Restatement, Torts, 280, comment a. Hence, if the libelous matter in this editorial consists entirely of statements of fact, the only defense is truth or the existence of some absolute or conditional privilege other than privileged criticism. 3 Restatement, Torts, 214-275, 293-297, §§ 582-605, 611-612. No other absolute or conditional privilege was here urged.

The question of whether any of the derogatory words in question were expressions of opinion was for the jury. *Nevada State Journal Publishing Co. v. Henderson*, 294 Fed. 60, 62; 3 Restatement, Torts, 309, § 618 (2), comment b. We did not hold otherwise in our previous opinion. It may be observed that the publication in question is an editorial, and that editorials usually contain both statements of fact and expressions of opinion. It is also to be noted that one

of the derogatory statements upon which respondent relies as libelous, which statement comments on the justification for recall proceedings, is expressly labeled as "our opinion."

Though the point seems never to have been directly decided, it may be inferred from the Washington decisions that the defense of privileged criticism is available only if the opinion is based upon a true or privileged statement of fact. See *Miles v. Louis Wasmer, Inc.*, 172 Wash. 466, 20 P. (2d) 847. The rule set out in Restatement of Torts would seem to go further, and permit the defense even though the opinion is based upon false statements of fact, if such purported facts are otherwise known or available to the recipient as a member of the public. 3 Restatement, Torts, 275, § 606 (1) (a) (ii).

In advancing the defense of privileged criticism, it is not necessary to prove that the libelous expressions of opinion (as distinguished from the facts upon which they are based) are true. 3 Restatement, Torts, 275, § 606. Defamatory expressions of *opinion* are not, in fact, susceptible to proof as to their truth or falsity. For example, there is no way in which a jury could determine whether the expression of opinion in this editorial, that respondent should be recalled, is true or false. The policy consideration behind the rule that the truth of defamatory criticism (as distinguished from defamatory statements of fact) is not an issue, are stated with clarity by Van Vechten Veeder, writing on "Freedom of Public Discussion," 23 Harvard L. Rev., 413; 415, 416, 422.

With these principles in mind, we can turn to the quoted holding in our prior decision which is said to warrant the trial court in excluding the defense of privileged criticism. That holding refers to the privilige of criticizing the conduct of public officials, and announces the rule that a publication which imputes to public officials misconduct in office, "if false," is a violation of that privilege.

The use of the words "if false" is very significant. These words indicate that the court was talking about libelous *statements of fact* which impute misconduct, and *statements of fact* upon which libelous expressions of opinion were

based. This is true because, as we have seen, statements of fact are subject to a determination as to their truth or falsity, and expressions of opinion are not.

Hence, what the quoted holding really stands for is the rule, consonant with the principles summarized above, that a person who makes a false statement of fact tending to impute misconduct to public officials, or who bases an expression of opinion carrying such an imputation, upon a false statement of fact, enjoys no defense of privileged criticism.

It seems apparent to me that the rule, as so understood, does not preclude the defense of privileged criticism in this case. It merely states the qualifications and limitations regarding that defense which the trial court should have made known to the jury for their consideration in connection with this defense.

The jury should have been told, with respect to this phase of the defense, that there are words in this editorial which impute misconduct in office, or want of official integrity or fidelity to public trust, which words are libelous *per se*; that such, if any, of these words as the jury finds to be express or implied statements of fact are not protected by the defense of privileged criticism, the only defense as to such words being truth; and that as to such words, if any, which the jury finds to be expressions of opinion, the defense of privileged criticism does not apply, if any of the facts upon which the opinion is expressly or impliedly based are false. The other elements of a complete instruction regarding this defense are well summarized in 3 Restatement, Torts, 275, § 606.

Such instructions would have fully safeguarded respondent's rights. Our previous decision does not, in my opinion, require that respondent be entirely insulated from the defense of privileged criticism. Nor do the general principles applicable in this state and elsewhere warrant such a result.

HILL and FINLEY, JJ., concur with HAMLEY, J.

---

November 17, 1952. Petition for rehearing denied.