[No. 32701.  *En Banc.*  July 9, 1954.]

JOHN J. KENNETT, *Respondent,* v. DONALD H. YATES *et al.,*
*Appellants.*[1]

[1]Reported in 272 P. (2d) 122.

*Gordon H. Sweany* and *Carl P. Zapp*, for appellants.

*R. V. Welts* and *Kennett, McCutcheon & Soderland,* for respondent.

OLSON, J.—This is the second appeal in this case. The issues are outlined and the facts stated in our decision of the first appeal. *Kennett v. Yates,* 41 Wn. (2d) 558, 250 P. (2d) 962 (1952).

The first trial resulted in a verdict for defendants. The trial court granted a new trial upon the ground, among others, that some of its instructions were erroneous. This court affirmed this order on defendants' appeal, and discussed specifically some of the questioned instructions.

The second trial resulted in a verdict and judgment for plaintiff. Defendants have appealed. They requested certain instructions approved in or suggested by our cited opinion. The refusal of the court to instruct the jury in compliance with these requests, is the basis for the controlling assignments of error on this appeal.

We find no material difference between the evidence offered at the first trial and that introduced at the second trial, and counsel do not contend otherwise. Our decision on the first appeal turned upon the propriety of the instructions given at the first trial. That was the question presented, and its decision was necessary to the disposition of the appeal. It is not contended that our decision on that appeal is erroneous.

Upon such a record, we are governed by the rule that the questions decided on the first appeal became the law of this case, and will not be reviewed on this second appeal. *Buob v. Feenaughty Machinery Co.,* 4 Wn. (2d)

276, 281, 103 P. (2d) 325 (1940); *Miller v. Sisters of St. Francis,* 5 Wn. (2d) 204, 207, 209, 105 P. (2d) 32 (1940); *Davis v. Davis,* 16 Wn. (2d) 607, 609, 134 P. (2d) 467 (1943); *State ex rel. Seattle v. Department of Public Utilities,* 33 Wn. (2d) 896, 903, 207 P. (2d) 712 (1949); *Columbia Steel Co. v. State,* 34 Wn. (2d) 700, 705, 209 P. (2d) 482 (1949), and cases cited in those opinions. See comment, Stinnette, The Law of the Case Doctrine, 28 Wash. L. Rev. 137, particularly discussing the recent case of *Gaffney v. Scott Publishing Co.,* 41 Wn. (2d) 191, 248 P. (2d) 390 (1952). Some of the cited cases, and others that might be cited, state this rule in a broader form than is necessary in its application to this case. Here we are not concerned with possible ramifications of the rule, or with any dispute about their wisdom. This record brings this case within the rule in its narrowest form, upon which all of the cases are in agreement.

Upon the retrial, the parties and the trial court were bound by the law stated in the decision on the first appeal. The parties and this court are also bound by that decision until it is authoritatively overruled. *Columbia Steel Co. v. State, supra,* p. 705, and cases cited; *Bunn v. Bates,* 36 Wn. (2d) 100, 103, 216 P. (2d) 741 (1950), and case cited.

We refer to defendants' requested instructions by number and subject matter, rather than to extend this opinion unduly by quoting them verbatim.

Request No. 11, upon the issue of foreseeability, was the same as instruction No. 18 given at the first trial, as amended to meet our criticism of it (*Kennett v. Yates, supra,* p. 565). The issue of foreseeability was specifically discussed in our previous opinion, and the jury at the second trial was instructed inadequately upon it. In this connection, it is of interest to note defendants' argument that plaintiff himself, when excepting to the court's instructions, stated that he searched them "in vain to find anything on foreseeability." There is a sentence in the definition of terms used in the instructions given (instruction No. 2), stating that "Acts of third persons which are reasonably foreseeable are not new or intervening causes," but its application to the issues in the case is not made clear. Plain-

tiff himself so concluded, and, as defendants contend, the jury must have had less ability than he to observe its pertinence and importance. We held that the issue was a proper one for the jury's consideration (*Kennett v. Yates, supra,* p. 565). Adequate instructions upon it should have been given, considering defendants' requests Nos. 10, 11, 13, and 14, and the instructions given and reviewed in the former case.

■ Request No. 19, upon the issue of contributory negligence, was the same as instruction No. 13 given at the first trial, and referred to in the order of the trial court granting a new trial. Its subject matter pertained to a theory of the defense which was not treated adequately in any instruction given at the second trial.

Request No. 20, also upon the issue of the possible contributory negligence of plaintiff in the manner in which he attempted to open the door, was the same as instruction No. 14 given at the first trial, as amended to comply with specific directions in our opinion. Its subject matter, particularly regarding the consideration to be given by the jury to the habitual manner in which plaintiff and others opened the door, was made pertinent by the evidence and it was not covered by any instruction given by the court.

Since a new trial must be granted for the failure of the court to give these requested instructions, we need discuss only three other claims of error:

■ First, defendants excepted to instruction No. 11 given by the court on the subject of damages. They directed the court's attention to their requested instruction No. 28, to the effect that plaintiff's claimed loss of income was not a measure of his damage, but was among the circumstances to be considered in determining damages to be allowed for claimed loss of earning capacity. This rule is not covered by instruction No. 11 or by any other instruction. The request is a proper statement of the law. *Yenney v. Pacific Northwest Traction Co.,* 124 Wash. 669, 675, 676, 215 Pac. 38 (1923), and cases cited, discussed in annotation in 12 A. L. R. (2d) 291, 299, 303, 304. It was similar to instruction No. 24 given at the first trial, and it should have been given to the second jury.

■ Second, defendants' requested instruction No. 6 states, in substance, that defendants, as owners of the building, are not insurers of the safety of the users of the building, but are liable only for negligence. It is a correct statement of the law upon a subject not covered by any instruction, and should have been given. Also, it is the same as instruction No. 16 given at the first trial.

■ Third, certain bills for medical care and hospitalization incurred by plaintiff were admitted as evidence of special damage. Should such proof be offered at the next trial, the causal connection between each of the claimed expenses and defendants' negligence must be shown to justify its submission to the jury. It is doubtful that it was proper for the jury to consider some of them at the last trial. They are the subject of the attention of counsel in their briefs, and we are confident that each item referred to, and the evidence regarding it, will be examined by the court and counsel at the next trial in the light of this comment, so that we need not particularize and discuss each of them separately. Further, the jury was not instructed clearly upon this subject. They might well have been confused by the portion of instruction No. 11 which stated that their award should take into consideration such of these expenses as they found to be reasonable. In view of the number and nature of these claims, and of defendants' exception to instruction No. 11, a more specific instruction should have been given upon the necessity for their causal connection with the injury in question.

The assignments of error pertaining to other matters are not now material.

The judgment is reversed, and the cause remanded for a new trial.

SCHWELLENBACH, HILL, HAMLEY, DONWORTH, and WEAVER, JJ., concur.

GRADY, C. J., and FINLEY, J., concur in the result.

MALLERY, J., dissents.

———

November 18, 1954. Petition for rehearing denied.