[No. 44117.  En Banc.  September 9, 1976.]

SIDNEY L. CARTER, *Appellant,* v. THE UNIVERSITY OF WASHINGTON, *Respondent.*

*Schweppe, Doolittle, Krug, Tausend, Beezer & Beierle,* by *Michael R. McKinstry,* for appellant.

*Slade Gorton, Attorney General,* and *James B. Wilson, Senior Assistant,* for respondent.

DOLLIVER, J.—The facts regarding appellant Carter are contained in *Carter v. University of Washington,* 85 Wn.2d 391, 536 P.2d 618 (1975) (*Carter* 1). In this case (*Carter* 2), appellant is before the court on a motion for an order waiving all costs of his appeal. The motion is denied.

Appellant urges *Carter* 1 to be considered the law of the case for *Carter* 2. We concur. *Kennett v. Yates,* 45 Wn.2d 35, 272 P.2d 122 (1954); *Tucker v. Brown,* 20 Wn.2d 740, 150 P.2d 604 (1944). Thus, it is here unnecessary to reconsider the court's views in *Carter* 1 on a fundamental right of access to the courts or a constitutional right of appeal. The only question before the court is whether the factual determinations of the trial court indicate that the requirements of "indigency, good faith, probable merit" upon which right of access or right of appeal are contingent, were met. *Carter* 1, at page 402.

In its findings of fact, the trial court found the defendant "to be a bona fide indigent" and to be "pursuing his remedy in good faith." These findings are not contested.

Finding of fact No. 3 is as follows:

> *Probable Merit or Lack of Frivolity.* The Court finds that appellant has very little or practically no chance of prevailing on the merits, but the Court further finds that the appeal is not patently frivolous. This finding is based on the fact that the Court does not feel that it should make a finding that the appeal is patently frivolous when the appellant disagrees with the Court's opinion since this would amount to the trial judge affirming himself.

It is apparent from the first clause of the first sentence of finding of fact No. 3 that the trial court believes appellant's case had no probable merit. The difficulty arises in the statement "but the Court further finds that the appeal is not patently frivolous." Appellant urges that, under the test in *Iverson v. Marine Bancorporation,* 83 Wn.2d 163, 517

P.2d 197 (1973) at page 165, referred to in *Carter* 1 at page 403, the phrase "is not patently frivolous" is controlling and thus the test in *Carter* 1 has been met. *See also O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969).

■ We disagree. First, regardless of the language of *Iverson*, it is clear that "probable merit" is a test contained in *Carter* 1, and that an indigent must "demonstrate the probable merit of the claim before free access is provided." *Carter* 1, at page 401. Whatever else was stated by the trial court in finding of fact No. 3, there is a clear finding that the burden of demonstrating probable merit has not been met by the appellant.

Second, assuming arguendo the view of the appellant that, if a case is "not patently frivolous" then it does have "probable merit," he still does not prevail. When finding of fact No. 3 is read as a whole, it is apparent the trial judge did not find the appeal "not patently frivolous" because of any probable merit it might have. Rather, the court did not "feel that it should make a finding that the appeal is patently frivolous when the appellant disagrees with the Court's opinion since this would amount to the trial judge affirming himself."

However this court may have used the term "patently frivolous" in previous cases, in this case the trial court used the term not to assert that the factual determinations required by *Carter* 1 had been met, but only to give the highly restricted meaning as indicated above.

The motion is denied.

STAFFORD, C.J., HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., and RYAN, J. Pro Tem., concur.

HOROWITZ, J. (concurring)—Appellant Carter recognizes the disposition of his motion for an order for expenditure of public funds to enable him to proceed with his appeal depends upon whether his claim for relief is one of "probable merit" as that undefined term is used in *Carter v. University of Washington*, 85 Wn.2d 391, 536 P.2d 618 (1975) (*Carter* 1). Cases prior to *Carter* 1 involving the court's

discretionary power to waive court fees and to provide litigation expenses for indigents pressing a claim for relief in a civil cause, confined the exercise of such power to cases neither frivolous nor patently frivolous in character. *Iverson v. Marine Bancorporation*, 83 Wn.2d 163, 169, 517 P.2d 197 (1973); *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969).

*O'Connor* clearly indicated the court would not grant such discretionary relief unless the issue or issues involved had "probable substance." *O'Connor v. Matzdorff*, *supra* at 603. An issue could be one of "probable substance" without necessarily being one, the resolution of which would be probably successful. If "probable merit" meant only "probably successful," appeals by indigent litigants could be seriously and adversely affected. Thus, as here, a trial court having just dismissed an indigent's case as one without merit could scarcely make a finding that the litigant's claim would probably be successful. The trial court could, however, find the case it dismissed had "probable substance," *i.e.*, involving issues fairly debatable without thereby finding that on appeal the dismissal of the case would be probably reversed.

Unless there was an intention to curtail entitlement by indigents of access to the courts—there being no evidence of such an intention in *Carter* 1—a definition of "probable merit," after *O'Connor* and *Iverson*, was essentially unnecessary.

In the instant case, however, appellant has failed to demonstrate his case has an issue of probable substance as one whose merits are fairly debatable. Indeed the trial court's finding that "appellant has very little or practically no chance of prevailing on the merits" is a recognition that the issue is not fairly debatable and therefore not one of probable substance.

I therefore concur in the majority's denial of appellant's motion.

UTTER, J., concurs with HOROWITZ, J.