[No. 2166. Decided April 6, 1896.]

D. H. KIMBLE et ux., *Appellants*, v. C. H. KIMBLE, *Respondent*.

LIBEL — CONDITIONALLY PRIVILEGED COMMUNICATION — MALICE — TAXATION OF COSTS.

A letter written by a son to his mother for the purpose of informing her as to her rights in certain property and the danger of their being lost through the efforts of a certain member of the family, unless she took action to protect them, is a conditionally privileged communication, and, though containing libelous matter, would not render the writer liable in damages, unless it appeared that his acts in so doing were inspired by malice and a desire to injure the person of whom the libelous matter was written.

That a son in writing to his mother urging her to take steps to protect her rights to property states that he does so to get even with a third person, does not show that he was actuated by malice, when he expressly disclaims any desire to profit by the result of the action.

The failure of witnesses to make proof of their attendance and mileage before the clerk is not a ground of objection to the taxation of such costs in civil cases, as Laws 1895, p. 15, requiring such proof applies to criminal cases.

The right to the statutory attorney fee of fifteen dollars in cases tried before a jury is not lost by reason of the fact that after a trial is begun, the cause is disposed of by the court upon motion for a non-suit or by directing a verdict.

Appeal from Superior Court, Skagit County.—Hon. HENRY MCBRIDE, Judge. Affirmed.

*Million & Houser*, for appellants.

*Sinclair & Smith*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought by appellants to recover damages alleged to have been sustained by reason of the publication by respondent of certain false and libelous matter, of and concerning appellant

24—14 WASH.

Minerva Kimble. The matter alleged to be libelous was contained in a letter written by the respondent to his mother, and the only publication thereof by him was the sending of the letter in which it was contained to his mother by mail.

Upon the face of such letter it appeared that it was written by the son to the mother for the purpose of informing her as to her rights in certain property, and the danger of their being lost unless she took some action to protect them. Such a communication, even though containing matter which was libelous, was conditionally privileged and would not render the one who wrote and sent it liable in damages unless it appeared that his acts in so doing were inspired by malice and a desire to injure the person of whom the libelous matter was written, and not simply to give to the person to whom the letter was sent information for the purpose of enabling her to act intelligently, and to furnish reasons to induce her to act upon such information. See Cooley, Torts (2d ed.), p. 253. Any further citation of authorities is unnecessary, for the reason that the appellants make no dispute as to the law applicable to communications of this kind. This will fully appear from the following quotation from their brief:

"We take it that the writing in question is not an absolutely privileged communication, as will be urged by respondent, but falls within that class defined by the authorities as a conditionally privileged communication. . . . Those publications termed qualified or conditional are those made on a lawful occasion, which fully protects it unless the occasion has been abused to gratify malice or ill-will."

That such was the nature of this publication was apparent from the complaint as well as from the evidence introduced on the part of the appellants. It

was, therefore, necessary for them to allege and prove that it was made by the respondent by reason of malice or ill-will; and, unless they introduced evidence sufficient to establish the fact that the communication was thus made, they had failed to make out a *prima facie* case, and the motion for a non-suit was properly granted.

It is claimed on the part of the appellants that the fact that the publication was malicious was made to appear from the letter itself, and also from other evidence introduced tending to show that the respondent was actuated solely by a desire to injure the appellant Minerva Kimble. A careful examination of the subject matter of the letter fails entirely to sustain the claim of the appellants founded thereon, for while it is true that statements are made in the letter which tend to show that the reason why the writer was desirous that his mother should take action to protect her rights was the fact that he had not received fair treatment at the hands of the appellants, yet it nowhere appears that he desired to have his mother take other steps than those necessary to protect rights, which he believed she had, to certain property as to which litigation was in progress which might bar such rights. It is also true that he makes use of the expression that all he wants is to get even with the appellants, but that statement was made in connection with a disclaimer on his part of any desire to profit by the result of any action which she might take in reference to the property in question, and was given as a reason why he was interesting himself in her taking the steps which he was urging; and, for that reason, had no tendency to show that the statements which he made as to the appellant Minerva Kimble were so made by reason of his ill-will towards her,

and for the purpose of inflicting upon her an injury. The isolated paragraphs contained in the letter and relied upon by the appellants to show malice must be interpreted in the light of the subject matter of the entire letter, and when so interpreted they have no tendency to show that the writing of the letter or the making of the statements contained therein was by reason of malice of the respondent towards the appellants, or either of them.

The particular parts of the other evidence introduced, relied upon to show that the statements contained in the letter were made by reason of the malice of the respondent towards the appellants, or one of them, have not been pointed out, and such an examination of the record as we have been able to make has failed to disclose anything which would sustain such contention.. All that is made to appear is that there was bad feeling between the respondent and the appellants, and that they had more or less difficulty in relation to property and other matters. We have been unable to discover anything which tended to show that the alleged libelous statements contained in this letter were made by the respondent for any other purpose than to induce his mother to take steps which he desired her to take to protect rights which he believed she had in the property in question.

It follows that, at the time appellants rested, they had failed to prove one of the facts necessary to be proven to make out even a *prima facie* case against the respondent. Hence, the motion for a non-suit was properly granted, and the judgment rendered thereon must be affirmed.

Appellants object to the costs taxed for the attendance of witnesses, for the reason that such witnesses did not make proof of their attendance and mileage

before the clerk, as required by law,  Their contention is that ch. 10 of the Laws of 1895 (p. 15), makes it necessary that a witness should make proof of his claim before the clerk, before his fees can be taxed as costs.  But, in our opinion, that chapter relates entirely to witnesses in criminal cases, and has no reference to disbursements made by a party to procure the attendance of witnesses.

Appellants also claim that the attorney fee allowed should have been ten dollars instead of fifteen, for the reason that the cause was determined by the court without the aid of the jury.  But, in our opinion, the right to an attorney fee of fifteen dollars accrues when the trial of the cause is commenced before a jury, and is not lost by reason of the fact that thereafter the cause is disposed of by the court upon motion for a non-suit, or by directing a verdict.  No error was committed in the taxation of costs.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.