[No. 5976. Decided July 27, 1906.]

JOHN J. CHAMBERS, *Appellant,* v. J. J. LEISER, *Respondent.*[1]

LIBEL—WORDS LIBELOUS PER SE. Where one stockholder in a corporation wrote to another stockholder and friend that the plaintiff, a third stockholder, was attempting to wreck the corporation, had defrauded it by turning over to it worthless land for $1,000, for which criminal proceedings should be instituted, and that the writer's opinion, as a physician, was that the plaintiff, a physician, was a little daft, is libelous *per se*, establishing a *prima facie* cause of action.

SAME — PRIVILEGED COMMUNICATIONS — STOCKHOLDERS. Such a letter between stockholders is privileged if made in good faith and without showing on its face malice, reckless disregard for the truth, or abuse of the privilege; and overcomes the presumption of malice from an article libelous *per se*.

SAME—PRIVILEGE—MALICE—BURDEN OF PROOF. Upon the publication of matter libelous *per se* respecting a stockholder in a corporation, which appeared on its face to be privileged by reason of being made between other stockholders respecting the business of the corporation, the burden of proof is upon the plaintiff to show malice or abuse of privilege, or the inclusion of false and libelous matter not pertinent to or reasonably necessary to the matter in hand.

Appeal from a judgment of the superior court for King county, Albertson, J., entered July 15, 1905, upon the verdict of a jury rendered in favor of the defendant in an action for libel. Reversed.

*Kirkpatrick & Price,* for appellant, to the point that the letter was privileged only to the extent of the discharge of the writer's duty, cited, Odgers, Libel & Slander, 199; *Locke v. Bradstreet Co.,* 22 Fed. 771; *Harrison v. Garrett,* 132 N. C. 172, 43 S. E. 594; *Briggs v. Garrett,* 111 Pa. St. 404, 2 Atl. 513, 56 Am. Rep. 274; *Press Co. v. Stewart,* 119 Pa. St. 584, 14 Atl. 51, reversing *Stewart v. The Press Co.,* 1 Pa. Co. Ct. 247; *Carpenter v. Bailey,* 56 N. H. 283; *Creek v. Newlands,* 4 Vict. Law Rep. 412; *Neeb v. Hope,* 111 Pa. St. 145, 2 Atl. 568.

[1]Reported in 86 Pac. 627.

*P. V. Davis,* for respondent, contended, *inter alia,* that excessive expressions are not an abuse of the privilege. *Gulf etc. R. Co. v. Floore* (Tex. Civ. App.), 42 S. W. 607; Townshend, Slander & Libel (4th ed.), § 244b. The writer had a right in good faith to communicate his knowledge. Townshend, Slander & Libel (4th ed.), § 241; *Mott v. Dawson,* 46 Iowa 533; *Hubbard v. Rutledge,* 57 Miss. 7; *Noonan v. Orton,* 32 Wis. 106; *Bacon v. Michigan etc. R. Co.,* 66 Mich. 166, 33 N. W. 181. The communication was privileged. *Haney v. Trost,* 34 La. Ann. 1146, 44 Am. Rep. 461; *Rotholz v. Dunkle,* 53 N. J. L. 438, 26 Am. St. 432, 13 L. R. A. 655; *Harris v. Thompson,* 76 E. C. L. 333; *Broughton v. McGrew,* 39 Fed. 672; *Scullin v. Harper,* 78 Fed. 460; Townshend, Slander & Libel (4th ed.), § 209. Where the communication is privileged the plaintiff cannot recover without proving affirmatively both falsehood and malice, which are issues of fact for the jury to determine. *Jones v. Greeley,* 25 Fla. 629; *Edwards v. Chandler,* 14 Mich. 471, 90 Am. Dec. 249; *Hume v. Kusche,* 87 N. Y. Supp. 109; *O'Donaghue v. M'Govern,* 23 Wend. 26; *Atwater v. Morning News Co.,* 67 Conn. 504, 34 Atl. 865; *Coogler v. Rhodes,* 38 Fla. 240, 21 South. 109, 56 Am. St. 170; *Fowles v. Bowen,* 30 N. Y. 20; *Gattis v. Kilgo,* 128 N. C. 402, 38 S. E. 931; *Fountain v. Boodle,* 3 Q. B. D. 5, 43 E. C. L. 605; Townshend, Slander & Libel (4th ed.), § 388; Cooley, Torts (2d ed.), pp. 211-215.

Root, J.—This action was brought by plaintiff to recover damages on account of the writing and publishing of a letter by defendant. The appellant and respondent were trustees and stockholders in a certain corporation. Respondent wrote the letter complained of to another stockholder and friend, residing in Ohio. All three of these persons were practicing physicians. In the letter written by respondent, he severely criticized the conduct of appellant with reference to the matters with which he had to do as an officer of said corporation.

Appellant claims that this letter contains matter libelous *per se*. Respondent answered appellant's complaint, denying that the letter was libelous, and setting up as a defense that the contents of said letter were true, and that the writing of the same was privileged owing to the relationship and interest of the writer and recipient as personal friends and as stockholders in said company. The case was tried before the court and a jury, resulting in a verdict favorable to defendant, upon which a judgment was regularly entered. From this an appeal is taken.

The trial court submitted to the jury the question of whether or not the letter was libelous. In this we think the learned trial court was in error. The letter is too lengthy to justify its reproduction here, but we will quote therefrom certain extracts which we think are libelous *per se,* to wit:

"Chambers with the other officers of the company are, I understand, engineering another company and are bound in wrecking ours; all of this it seems for the purpose of getting complete control of everything. He makes the most pathetic appeals to his conscience about saving his Ohio friends from any fraud, and all the fraud he can rake up is the original ground he put in, which had no existence."

The "ground" referred to is mentioned in other portions of the letter as being worthless land which it is claimed appellant turned over to the company for $1,000. In other places the letter says:

"Between you and me my professional opinion about Chambers is, he has been up in Alaska so long, always scheming in something, that he is just a little daft. . . . Since I see he is bound to wreck the company in the face of the fact that it is more substantial than ever in its history, I feel obliged to protect myself. Therefore am at present instituting proceedings to appoint a receiver. . . . The right procedure would be to prosecute Chambers and Penwall for criminal proceeding in putting into the company 100 acres of land which had no existence."

The statute defines libel as follows:

"A libel is the defamation of a person made public by any words, printing, writing, sign, picture, representation, or effigy tending to provoke him to wrath, or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence and social intercourse; . . ." Bal. Code, § 7087 (P. C. § 1856).

In the light of this statute, it would clearly seem that the assertions hereinbefore quoted from the letter in question were libelous *per se*. *Urban v. Hemlick,* 15 Wash. 155, 45 Pac. 747; 13 Ency. Plead. & Prac., 105.

As to whether or not the letter was a privileged communication depends upon several matters. The relationship existing between the respondent and the Ohio stockholder, as revealed by the letter, might properly give the occasion for a privileged communication. If the defendant could show that the assertions in the letter were true, this would be a defense to the action.

The jury should have been told that portions of the letter were libelous *per se,* and that this established *prima facie* a right of action in appellant; that the relationship between respondent and the recipient of the letter was such that an "occasion of privilege" existed. This being true, it would have met the presumption of malice and actionable damages arising from the libelous matter of the communication—providing said letter did not contain matter tending, upon its face, to show malice or reckless disregard on the part of defendant for the truth of his statements, or that he had exceeded his privilege by incorporating in said letter impertinent and unnecessary matters of a libelous character. If the letter did contain anything tending to prove affirmatively any of these matters, then it could not be said, as a matter of law, to be a privileged communication, and could be treated as such only after the jury had found from the evidence that it was privileged, by finding from the evidence that respondent had properly used and had not exceeded, or abused, the priv-

ilege of such occasion, and this would require them to pass upon the question of the existence of facts pointed out by the court as being necessary to constitute the communication privileged. If they found the communication otherwise privileged, then they should have ascertained whether the defendant acted with malice, the burden of proving this being upon appellant.

We do not think the contents of this letter, taken by themselves, tended to show anything that would render the communication not privileged. Consequently the burden of proving malice, knowledge of falsity, recklessness, or the use of impertinent or unnecessary, libelous matter, or other legal abuse of the "occasion of privilege," was upon plaintiff. It was therefore incumbent upon plaintiff, by means of the matters in the letter or by any other competent evidence, to show that defendant had been actuated by malice or ill will towards plaintiff, or had included in said communication false and libelous matters, not pertinent or reasonably necessary to the subject-matter which it was defendant's privilege to communicate, or that defendant had not made reasonable inquiry and investigation, but had written recklessly or knowingly falsely and not in good faith; and upon establishing any of these matters, the plaintiff would have been entitled, on account of the presumption of malice, falsity, and injury arising from the matter libelous *per se,* to recover, unless the defendant should have established the truth of the letter's libelous contents. *Urban v. Helmick, supra;* 13 Ency. Plead. & Prac., pp. 105, 107; *Hall v. Elgin Dairy Co.,* 15 Wash. 542, 46 Pac. 1049; 18 Am. & Eng. Ency. Law, pp. 909, 925, 929, 942, 1050; Townshend, Slander & Libel, §§ 145, 208-212; *Locke v. Bradstreet Co.,* 22 Fed. 771; *Comfort v. Young,* 100 Iowa 627, 69 N. W. 1032; *Briggs v. Garrett,* 111 Pa. St. 404, 2 Atl. 513, 56 Am. Rep. 274; *Perkins v. Mitchell,* 31 Barb. 461; *Harrison v. Garrett,* 132 N. C. 172, 43 S. E. 594;

*Atwater v. Morning News Co.,* 67 Conn. 504, 34 Atl. 865; Newell, Defamation, p. 389 *et seq.*

Some other errors are alleged, but we do not think the assignments well taken.

By reason of the error above mentioned, the judgment of the honorable superior court is reversed, and the cause remanded for a new trial.

MOUNT, C. J., DUNBAR, HADLEY, CROW, FULLERTON, and RUDKIN, JJ., concur.