[No. 17936.  Department Two.  July 2, 1923.]

CLARK O. STEVENS *et al.*, *Respondents*, v. HAERING'S
GROCETORIUM *et al.*, *Appellants*.[1]

LIBEL AND SLANDER (40)—TRIAL—INSTRUCTIONS.  An instruction
that plaintiff, in an action for slander, could not recover damages
if she caused the dissemination of the defamatory statements, is
properly refused, where the slanderous charges were made in such a
harsh manner and at such a time and place as to make the plaintiff
hysterical so that her acts were not of her own volition.

SAME (16)—PRIVILEGE—EXCEEDING PRIVILEGE.  No privilege at-
taches to slanderous charges made to a police officer, where they
were made in a loud and unduly harsh manner, over a telephone
in a public market within the hearing of many.

SAME (38)—DAMAGES—EXCESSIVENESS.  A verdict for $3,250 for
making slanderous charges of larceny, made in an unduly harsh man-
ner in the presence of many, will not be held excessive.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered December 6, 1922,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action for slander, after a trial on the
merits.  Affirmed.

*Blackburn & Gielens,* for appellants.
*Remann & Gordon,* for respondents.

TOLMAN, J.—Respondents as plaintiffs instituted
this action for the recovery of damages sustained by
reason of alleged slanderous charges of larceny, ut-
tered and published concerning them both.  The gist of
the complaint is that the respondent Clara Stevens,
while employed in a store or booth located in a public
market, and operated by appellant corporation, was
directly charged and accused by appellant Haering,
president of the corporation, with the theft of the em-

[1]Reported in 216 Pac. 870.

ployer's money; that these accusations were made in various forms, and in the presence and hearing of many persons, and language used which could mean only that the respondent husband was a participant in the crime. The answer, in addition to denials, contains an affirmative defense of justification as to the charge of larceny made against Mrs. Stevens. The cause was tried to a jury, resulting in a verdict in plaintiffs' favor for $3,250; and from a judgment thereon, both defendants have appealed.

Three errors are assigned and relied upon for a reversal of the judgment: (1) that it was error to refuse to instruct the jury, as requested by appellants:

"That if you find from the evidence that the plaintiff Clara Stevens caused the dissemination of the defamatory statements made by the defendant, you are not to allow her any damages accruing to her by such dissemination."

Such an instruction might be proper under some supposable state of facts, but here there was evidence before the jury from which the finding could be drawn that because of the nature of the charges, the harsh manner in which they were made, and the time, place and surrounding circumstances, Mrs. Stevens, as a natural and to be anticipated result, became hysterical and said and did things which were the pure product of appellants' action rather than the result of her own volition. Under such a state of facts, the instruction in the form requested was improper.

(2) It is next urged that the court erred in refusing to instruct to the effect that a defamatory statement made to a police officer, in good faith, for the purpose of aiding in the detecting or apprehension of a person suspected of having committed a crime, is privileged. Whatever may be the general rule, it can

have no application here, because, although appellants contend to the contrary, we find evidence in the record from which the jury might find that the statement to the police officers was made in a loud and unduly harsh manner, over a telephone located in a public market, and within the hearing of many.

(3) The third assignment is that the court erred in refusing to grant a new trial, because the verdict is not supported by the evidence, that it is the result of passion and prejudice, and the amount awarded is grossly excessive. A careful reading of the evidence convinces us that there was ample testimony to support the verdict in favor of the husband as well as the wife; that nothing is disclosed which will warrant us in holding it to be the result of passion and prejudice, and that the amount, while more substantial than many verdicts in slander cases, cannot, under the evidence shown, be held to be so excessive as to warrant interference by this court.

The judgment is affirmed.

MAIN, C. J., and FULLERTON, J., concur.