39 So.2d 891

## BURK v. LIVINGSTON PARISH SCHOOL BOARD.
### No. 38505.

March 21, 1949.

Phelps & Gibson, of Ponchatoula, for plaintiff-appellant.

Joseph A. Sims, Dist. Atty., of Hammond, and Erlo J. Durbin, Asst. Dist. Atty., of Denham Spring, for defendant-appellee.

MOISE, Justice.

Plaintiff brought this action to recover from the Livingston Parish School Board the sum of $5,987.47, alleged to be due "under a verbal agreement and by a resolution passed by the unanimous vote of all members of the Board present * * *." On the filing of this suit and by reason of the above allegation, made in Article 4 of the petition, the Board obtained an order of court for oyer of the purported resolution. The plaintiff's return was that he had never had a copy of the resolution in his possession and from information and belief, he was of the opinion that the resolution was a verbal one. The School Board filed an exception of no cause or right of action. The plaintiff then pleaded estoppel. The court below sustained the exception of defendant and dismissed the suit. On the

appeal then taken to this court, the plea of estoppel was maintained, the judgment of the district court was reversed and the case remanded. 190 La. 504, 182 So. 656.

On the remand of the case, the defendant filed an answer in which it admitted that plaintiff was employed as an architect to prepare plans and obtain necessary data in connection with certain school projects in Livingston Parish, pursuant to a written resolution of the School Board dated December 18, 1933, a copy of which was attached to and made a part of the answer. This answer also contained a reconventional demand for an alleged overpayment of $1,985.98. Upon the trial on the merits, the district court rejected the demand of plaintiff and dismissed the suit at his costs and rendered judgment in favor of defendant on the reconventional demand in the sum of $1,856. The plaintiff is now appealing from this judgment.

The foregoing resolution was urged by the School Board as a defense to the main demand and this resolution is the basis upon which the reconventional demand of $1,985.98 is made. There was no formal written contract signed by the proper officer of the School Board and the plaintiff. There is, therefore, now a dispute between the parties as to just what the contract is and a determination of the truth is the foundation upon which must rest the judgment.

The resolution provides for the employment of plaintiff in preparing plans, in getting all the data for the work, in filing applications before the Civil Works Administration, and in representing the Livingston Parish School Board until the termination or completion of the work. The compensation to be paid plaintiff was fixed at 8% of the cost of the work done and was to be paid as the work progressed and, in the event the work was suspended by the Civil Works Administration and finally abandoned, "the Livingston Parish School Board shall not be liable for any fee in excess of 8 per cent of the cost of labor performed and the cost of material actually used on the building". The work was never completed. The reconventional demand is based upon the last quoted provision of the School Board's resolution. The School Board contends that the plaintiff was erroneously overpaid for the work performed and the cost of material actually used on the building.

The plaintiff contends that, since there was no written contract signed by the parties and since the defendant does not deny that an agreement was made, the terms and conditions of the agreement should be gone into, to amplify and explain through parol evidence the actual intent and agreement of the parties; and that the trial judge's exclusion of the evidence on this subject was therefore highly prejudicial. Plaintiff also argues that the district court was in error in excluding testimony sought to be offered by him to show that the minutes of the School Board

were inaccurate, and in refusing the eliciting of evidence on the subject of the numerous pages missing from the official minutes of the Board. We feel that because there is no replication under our law and because of the manner in which the aforesaid resolution was pleaded, in order to determine with exactness the meeting of minds of the parties, that parol evidence is admissible to show the necessary facts, as well as the terms and conditions thereof, so that the court can predicate its judgment thereon and do substantial justice to the interested parties. It is true that parol evidence cannot be admitted to vary, explain and contradict a written contract, but here we do not have a written contract. The question to be decided is whether parol or extrinsic evidence is admissible to contradict or vary the terms of a written instrument such as the official record of School Board proceedings.

The above question was considered by this Court in State ex rel. McClendon v. Simmons, 40 La.Ann. 758, 5 So. 29. In that case both McClendon and Simmons claimed to have been elected by the police jury to the office of Treasurer of Claiborne Parish. The official minutes of the police jury showed that McClendon was elected. The district court held that this fact unquestionably made a prima facie case in favor of McClendon. The defendant sought to show by parol evidence (the testimony of the secretary of the board) that on the first ballot Simmons had received a majority of the votes but that the president had arbitrarily refused to declare his election. The defendant also proposed to require the witness, secretary, to correct the minutes by supplying the omitted facts. The Court held that the views expressed in the case of Gaither v. Green, Tax Collector, et al., 40 La.Ann. 362, 4 So. 210, squarely covered the point and were controlling, and then quoted with approval the following language from the Gaither case:

" 'The official minutes of the proceedings of the board of levee commissioners show that they levied the tax in question at a meeting duly convened and held at Delta, La., on the 22d of January, 1886.

" 'Plaintiff's counsel sought to impeach this record by parol evidence, but the introduction of it was successfully resisted by defendants, on the grounds, viz.:

" '(1) That the official minutes of the board constitute a public record which imports absolute verity on its face, and the same cannot be contradicted by parol, nor attacked in collateral proceedings to which said commissioners are not made parties. * * *

" 'In our view of this question it cannot be examined and decided in this collateral way, and in a suit to which the commissioners who levied the tax are not made parties.' " [40 La.Ann. 758, 5 So. 30.]

There can be no fault found with the decision, from the agreed statement of fact,

when we apply the law. But, this decision is not applicable to the instant case because of the factual situation. In the McClendon case, the Court held that proceedings of the public board could not be attacked or contradicted in a collateral action to which the board was not a party, but, in this suit, the School Board is a party defendant. The action is against it and it has pleaded its own resolution both as a defense to defeat the main action and as plaintiff in a reconventional demand, to recover a sum of money from the plaintiff. The School Board itself is made a party through the action of the plaintiff and by virtue of the pleadings, which they have filed.

Article 2276 of the Revised Civil Code has been quoted by plaintiff in support of his contention that the defendant School Board confirmed and ratified the execution of the agreement by accepting its performance and having paid a part of the compensation therefor and having received benefits therefrom. This Article has no application here because it concerns the admissibility of parol evidence with reference to a written contract. In the instant case, the resolution of the School Board does not indicate the acceptance of the plaintiff and, therefore, it cannot be considered to be the agreement of the parties.

In 20 American Jurisprudence, Evidence, Sec. 1106, we find the following language:

"There may be writings relating to the contract between the parties which do not embody the contract itself. In such a case, where the contract rests upon an oral agreement, parol evidence is admissible as to the terms of the contract notwithstanding the writings.

"Before the rule that no parol evidence can be received to vary the stipulations of a writing alleged to be a contract between the parties to a cause on trial can apply, the writing must be shown to be their contract. An unaccepted written statement by one party to an oral contract, stating his version of the agreement, does not reduce the contract to writing in favor of the other person so as to preclude the writer from giving oral evidence of the terms of the contract."

We find that the jurisprudence of other states is to the effect that the verity of a resolution or the minutes of a public board are as strong as truth of Holy Writ and that the usual, but not exclusive, way to obtain a correction is a direct attack such as a mandamus, making the public board a party to the proceeding, as held by our own Court, but here we are bound to give a practical common sense construction. The School Board is the defendant in this action. Since there is no replication under Louisiana procedure, the law does not exact of its suitors the doing of a vain or useless thing. When a party pleads a resolution as a defense to an action and then relies on the resolution for recovery as a

plaintiff in reconvention, there not being the sanctity of a written contract, the plaintiff has the right to impeach or discredit the defense made and this is a wise construction, to meet the ends of justice and not create a multiplicity of suits. Parol evidence should be admitted.

For the reasons assigned, the judgment appealed from is reversed and set aside, and the case is remanded to the district court for further preceedings according to law and consistent with the views herein expressed. Costs of this appeal shall be paid by defendant; all other costs to await the final determination of this litigation.

O'NIELL, C. J., takes no part.