[No. 35839. Department One. October 26, 1961.]

CLARENCE M. JOLLY, *Appellant,* v. LLOYD A. FOSSUM *et al.,*
*Respondents.*

CLARENCE M. JOLLY, *Appellant,* v. VALLEY PUBLISHING
COMPANY, *Respondent.** 

*Reported in 365 P. (2d) 780.

*James J. Keesling,* for appellant.

*Garvin, Ashley & Foster, Daniel J. Riviera, Weter, Roberts & Shefelman,* and *Robert G. Moch,* for respondents.

ROSELLINI, J.—This action was brought to recover damages for alleged libel and slander. It was alleged in the complaint that the defendant Lloyd A. Fossum, who was mayor-elect of the town of Pacific at the time, made slanderous statements about the plaintiff to the other defendants, publishers of the Auburn Globe-News, who in turn printed them in a libelous article. A motion of the defendants for summary judgment was heard on the pleadings, excerpts from a deposition of the plaintiff, a copy of minutes of the town of Pacific for May 24, 1955, and a copy of the transcript in criminal cause No. 154, before John W. Croome, Justice of the Peace, Seattle Precinct. The court found that the statements complained of were true and dismissed the action.

On appeal, the plaintiff contends that there was a genuine issue as to the truth or falsity of the allegedly slanderous statements and libelous publication.

According to the allegations of the complaint, the plaintiff was employed as electric light superintendent for the town of Pacific, on or about May 24, 1955; his duties required him to be on call twenty-four hours a day and to be available in the event of emergencies which might involve the electric power service of the town; and in connection with such duties he was authorized and permitted by the town council to have with him and to use town equipment and motor vehicles at all hours of the day and night. Prior to March, 1956, plaintiff had earned and enjoyed the respect, esteem, and confidence of the public.

In paragraph five of the complaint, it was alleged that during the month of April, 1956, or thereabouts, the defendant Lloyd A. Fossum willfully and maliciously, and with the purpose and intent to expose the plaintiff to hatred, contempt, disgrace, ridicule and obloquy, and to deprive the plaintiff of public confidence and social intercourse, and to

injure and destroy the plaintiff's good business and social reputation, and to impute to the plaintiff the commission of a crime, misconduct and dishonesty in public office, want of official integrity and fidelity to public trust, and to injure and smear the plaintiff's good name and standing in his community and with his fellow men, spoke slanderous words to F. A. Walterskirchen, in that he falsely accused the plaintiff of using a panel truck, equipment and tools belonging to the town of Pacific without authority or permission, and of taking electrical materials belonging to the town of Pacific for the plaintiff's private benefit and personal gain.

According to the allegations of paragraph six, by reason of said accusations, an arrest warrant was prepared and a charge of "misconduct of a public officer" was filed against the plaintiff; said warrant was not served upon the plaintiff; he was not arrested; and the charge was never prosecuted, and was dismissed on December 18, 1957.

It was alleged in paragraphs seven, eight, and nine, that during the month of April 1956, or thereabouts, said defendant willfully and maliciously (and with the same purpose and intent as was set forth in paragraph five of the complaint), made the same false accusations to the defendants John L. Fournier and/or Donald M. Crew and/or their employees and agents; that as a result a libelous article was published in the April 26, 1956 issue of the Auburn Globe-News, which implied that the plaintiff had lied to sheriff's deputies; used city equipment on private contracting work without permission; was guilty of misconduct as a public officer; and had used city equipment on private contracting work after he had received a copy of council minutes referred to in the article; that there were changes in the electrical inventory which were unaccounted for (implying theft on the part of the plaintiff), and that the plaintiff had absconded. It was also alleged that a report of the charge against the plaintiff had been published in the Seattle Post-Intelligencer, a newspaper of large circulation.

The plaintiff asked damages in the amount of $85,000. In his second cause of action he sought damages from the publishers, for publication of the allegedly libelous article, in the same amount.

The defendants denied that they had acted maliciously, and affirmatively alleged that the statements and publication were true.

The allegedly libelous article, a copy of which was attached to the complaint, reads as follows:

"EQUIPMENT USE NOT AUTHORIZED, FOSSUM REPORTS

"Pacific's Mayor-elect Lloyd Fossum this week stated that the former town electrician, C. M. Jolly, apparently was in error when he reportedly told King County sheriff's deputies recently that he had been granted permission to use city equipment on private contracting work.

"Jolly, who has been accused of 'misconduct of a public officer' has been under investigation by the office of Chief King County Deputy Prosecutor F. A. Walterskirchen. Jolly was not arrested on the charge.

"Jolly admitted to Walterskirchen that he had used the city's truck and tools on about 10 of 20 private jobs he had had since going to work for the town, including work in Auburn, Puyallup and Sumner, with full permission of the council.

"In answer, Fossum pointed to the minutes of the regular council meeting of February 29, a portion of which read:

" 'After a long discussion about the city equipment being used for business outside of the city, a motion was made by Dragseth to this effect: When the city trucks and equipment are not being used for town work they shall be kept on the premises at the town hall and shall, at no time, be driven by others than regular town employes. (Motion seconded by Merrill and voted "yes" by the remainder of the council.)

" 'This action was taken by request of the council after being advised by Mr. Terry Thompson, our bondsman, that the town could get into difficulties with the Department of Municipal Corporations; and by Lynn Pope, insurance agent, who informed us that our liability insurance would not hold good if and when our truck would be involved in an accident when not on city business or being driven by a person who was not in the regular employ of the Town of Pacific.'

"A copy of these minutes was sent to Jolly on February 29, 1956, signed by Mayor C. C. Buckley, Fossum pointed out.

"Fossum stated that he was not conducting a private 'witch hunt' but was acting on behalf of 'a large body of citizens in Pacific.'

"Walterskirchen stated in Seattle this week that he has received no word as yet from the sheriff's office which has been investigating changes in the city's electrical inventory between checks made on December 31 and April 9. Further action by his office will hinge upon this report, he added.

"In an attempt today to reach Jolly for comment on the case, the Globe-News was informed by the Pacific city clerk that the former city electrician had apparently left the vicinity without leaving a forwarding address with the city."

 The function of a summary judgment is to avoid a useless trial; however, a trial is not useless, but absolutely necessary, where there is a genuine issue as to any material fact. *Bates v. Bowles White & Co.,* 56 Wn. (2d) 374, 353 P. (2d) 663. As we pointed out in that case, in ruling on a motion for summary judgment, the court's function is not to resolve any existing factual issues, but to determine whether such a genuine issue exists. Furthermore, the burden is upon the moving party to prove, by uncontroverted facts, that no genuine issue as to any material fact exists. *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605.

It is undisputed that the plaintiff did not use the equipment after the motion referred to in the newspaper article was passed. But the defendants contend that the plaintiff's use of the vehicle prior to that date had not been authorized by the town council.

Truth, as we have said too often to require citation, is a complete defense in an action of this type. It was the theory of the defendants, accepted by the trial court, that the plaintiff's oral testimony that he had received from the council permission to use the equipment, was not sufficient to support a jury verdict. In developing this theory, they contend that the council could not have given the plaintiff permission to use the equipment, because, they say, the

council can act only through ordinances, bylaws, rules, regulations, and resolutions; and the plaintiff has not produced any of these to prove his contention. The authorities which they rely upon for the proposition that the council's acts must all be in writing are *Town of Othello v. Harder,* 46 Wn. (2d) 747, 284 P. (2d) 1099 and *Purvis v. Public Utility Dist. No. 1,* 50 Wn. (2d) 204, 310 P. (2d) 233.

The first cited case was concerned with the question of whether the mayor of a town can bind the town or the town council without specific authorization by ordinance. This court held that the town council, acting in its legislative capacity, expresses its will in the form of "ordinances, bylaws, rules, regulations, and resolutions" (citing *Hotel Cecil Co. v. Seattle,* 104 Wash. 460, 177 Pac. 347) and that the mayor could not testify on behalf of the council in the absence of proof of such an enactment authorizing him to do so. The case did not hold that an unrecorded act of the council is a nullity; and the defendants have not cited any statutory provision to that effect. Our examination of RCW chapter 35.27 reveals none.

The second cited case simply holds that a motion or resolution of a public utility district need not be in any particular form and that any recorded statement meets the requirement of RCW 54.12.090 (that proceedings of such public utility districts shall be by motion or resolution) if it fairly discloses that a statutory majority of the commission resolved or decided upon some matter of administration within its official cognizance. Although there was no formal resolution showing an undertaking on the part of the P.U.D. to pay its attorney, the court found that the attorney was entitled to the reasonable value of his services. The case does not hold that actions of the town council or its members cannot be established by oral testimony.

In 9 Fletcher, Cyclopedia of Corporations (Perm. ed.), 523, § 4659, we find the rule stated:

"Parol or extrinsic evidence is admissible to prove matters not included in the corporate books or records. This is so, it has been held, even where a statute requires the keeping of records in regard thereto."

The rule applies in suits involving municipal corporations as well as private corporations. *Burk v. Livingston Parish School Board*, 215 La. 143, 39 So. (2d) 891; *Price v. Taylor Borough School Dist.*, 157 Pa. Super. 188, 42 A. (2d) 99.

Consequently, the mere fact that the plaintiff has not produced, and may not be able to produce, a record of the council's alleged action in giving him permission to use the equipment does not establish, as a matter of law, that no permission was given him. Even assuming, as the defendants contend, that they are aided by the presumption that public officials will do their duty (in this case, refrain from authorizing the private use of public property), that presumption can be overcome by competent evidence.

■ The defendants argue that the plaintiff's evidence was but a "paper claim" equivalent to a bare assertion made in a complaint. This is not the case. The plaintiff's deposition was taken and he testified under oath that he had in fact received permission from the council to use the equipment, although he could not recall the date or place where it was given. This evidence is sufficient to raise an issue to go to the jury, whose function it is to determine his credibility and the weight to be given to his testimony. It must be borne in mind, also, that the burden is upon the defendants to establish the truth of their statements and publication in so far as it was libelous, and not upon the plaintiff to prove its falsity.

We conclude that there was a genuine issue as to a material fact; consequently the motion for summary judgment was erroneously granted.

The plaintiff also argues that there was an issue of fact with regard to the last paragraph of the publication, wherein it was stated that he had apparently left the vicinity without leaving a forwarding address with the city. However, he admitted in his deposition that he had not left his forwarding address with the city, although he had left it at the post office. The substantial truth of part of the publication, therefore, was admitted.

The judgment is reversed and the cause remanded for trial.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

---

January 8, 1962. Petition for rehearing denied.