Stephen L. COX, Plaintiff–Appellant,

v.

John A. NASCHE, individually, and FlightSafety International, Inc., a New York corporation, Defendants–Appellees.

No. 94–35308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1995.

Memorandum Aug. 23, 1995.

Order and Opinion Nov. 28, 1995.

Gary Foster, Fairbanks, Alaska, for plaintiff-appellant.

Thomas A. Lemly, Davis Wright Tremaine, Seattle, Washington, and Robert K. Stewart, Davis Wright Tremaine, Anchorage, Alaska, for defendants-appellees.

Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.

## ORDER

The memorandum disposition filed August 23, 1995, is redesignated as an authored opinion by Judge Wiggins.

## OPINION

WIGGINS, Circuit Judge:

### BACKGROUND

Stephen L. Cox had been employed by FlightSafety International, Inc. ("FlightSafety") from October 1983 to March 1985 and from April 1986 to January 1987. Cox was supervised during the latter period by John A. Nasche (FlightSafety and Nasche are referred to collectively as "Appellees"). Cox resigned in January 1987, in part because of his poor working relationship with Nasche.

In 1989, Cox sought employment as an Aviation Safety Inspector with the Federal Aviation Administration ("FAA"). The FAA's application process required, *inter alia*, that Cox pass a government security check, identify all his former employers and supervisors, and sign a release form authorizing the FAA to contact former employers and inquire about Cox's prior employment. The release provided, in pertinent part:

AUTHORITY FOR RELEASE OF INFORMATION

I Authorize any duly accredited representative of the Federal Government ... to obtain any information relating to my ac-

tivities from ... employers.... This information may include, but is not limited to, ... achievement, performance, attendance, personal history, disciplinary ... information.

....

I Direct You to Release such information upon request of the duly accredited representative of any authorized agency regardless of any agreement I may have made with you previously to the contrary.

....

I Release any individual, including records custodians, from all liability for damages that may result to me on account of compliance or any attempts to comply with this authorization.

The FAA sent a written form to Flight-Safety, which Nasche filled out. The FAA then telephonically interviewed certain FlightSafety employees, including Nasche, regarding Cox's employment history. Nasche did not give a favorable evaluation of Cox's performance and history with Flight-Safety. Cox ultimately was not hired by the FAA.

Cox filed an action for defamation and other related torts against Nasche and FlightSafety. Appellees moved for summary judgment, claiming that the release signed by Cox afforded them an absolute privilege against Cox's defamation action. In the absence of any controlling Alaska precedent, the district court certified the question to the Alaska Supreme Court, which declined to answer the question. Following supplemental briefing on the issue, the district court concluded that Alaska would accord an absolute privilege to Appellees based on Cox's release form. The district court thus granted summary judgment in Appellees' favor. We have jurisdiction over Cox's timely appeal under 28 U.S.C. § 1291.

## DISCUSSION

■ At issue in this case is the effect under Alaska law of Cox's signed release. The district court concluded that the state court would accord Appellees an absolute (rather than merely a qualified) privilege from Cox's defamation action based on the release form.[1] The district court accordingly granted summary judgment in favor of Appellees. We review the district court's ruling *de novo, see Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), and we affirm.

The weight of authority from other states treats releases similar to Cox's as consent to statements within the releases' scope and holds those statements absolutely privileged. *See, e.g., Baker v. Bhajan,* 117 N.M. 278, 281–82, 871 P.2d 374, 377–78 (1994); *Smith v. Holley,* 827 S.W.2d 433, 436 (Tex.Ct.App. 1992); *see also Patane v. Broadmoor Hotel, Inc.,* 708 P.2d 473, 476 (Colo.Ct.App.1985). *But see Kellums v. Freight Sales Centers, Inc.,* 467 So.2d 816, 817–18 (Fla.Dist.Ct.App. 1985) (holding that a former employee's release only entitles former employers to a qualified privilege against a defamation action). The district court in this case found that Nasche's statements were within the scope of Cox's release, and Cox has not disputed that finding.

■ Although the other courts are not unanimous, we conclude that Alaska would accord an absolute, and not merely a qualified, privilege to Nasche's statements, based on Cox's release. Application of an absolute privilege is in accordance with the *Restatement,*[2] to which the Alaska courts routinely turn when prior state cases or statutes fail to resolve an issue. *See Sisemore v. U.S. News & World Report, Inc.,* 662 F.Supp. 1529, 1537

---

1. The significance of an absolute, as opposed to a qualified, privilege is that an absolute privilege bars a defamation action even for maliciously made statements, as Nasche's statements were alleged to be in this case. *See Restatement (Second) Torts* § 583 & cmt. f (1977) *("Restatement").*

2. *Restatement* § 583 provides that "the consent of another to the publication of defamatory matter concerning him is a complete defense to his

action for defamation." Comment f to this section explains that "[t]he privilege conferred by the consent of the person about whom the defamatory matter is published is absolute. The protection given by it is complete, and it is not affected by the ill will or personal hostility of the publisher or by any improper purpose for which he may make the publication," as long as the publication is within the scope of the consent.

(D.Alaska 1987).[3] Moreover, *Smith*, which applied an absolute privilege, is very closely analogous to the instant case, and *Smith* is certainly more analogous to this case than is *Kellums*, which applied only a qualified privilege. The releases in *Smith* and the instant case are virtually identical, and the employees in both cases (unlike the employee in *Kellums*) were applying for "sensitive positions," for which the free flow of information may be especially important. The *Smith* court's holding also rested on an analysis that was much more complete and persuasive than that provided by the Florida court in *Kellums*.

We reject Cox's argument that the Alaska Supreme Court's recent decision in *City of Dillingham v. CH2M Hill Northwest, Inc.*, 873 P.2d 1271 (Alaska 1994), indicates that the state court would hold that a former employee's release does not protect against maliciously made statements and thus does not give rise to an absolute privilege. Cox cites the *CH2M Hill* court's statement that "[l]iability for 'knowing,' or 'bad faith' breaches can never be limited." *Id.* at 1275. This statement was not necessary to the holding in *CH2M Hill*, however, and thus it is merely dictum. *CH2M Hill* involved a contract clause that expressly limited CH2M Hill's liability for its "*negligent* acts, errors, or omissions." *Id.* at 1272–73 (emphasis added). The Alaska Supreme Court held that the clause, by its own terms, did not apply to CH2M Hill's alleged "knowing breaches of contract and breaches of fiduciary duty." *Id.* at 1275. *CH2M Hill* thus involved traditional principles of contract interpretation. It did not address the law of defamation specifically or the law of intentional torts more generally. The dictum in *CH2M Hill*, therefore, is less probative on the issue at hand than are the *Restatement* and out-of-state cases that bear directly on the issue.

## CONCLUSION

In sum, we hold that, under Alaska law, Cox's signed release constitutes consent to Nasche's statements, which the district court found were within the scope of the release. Those statements, even if maliciously made, cannot form the basis for Cox's defamation action. We therefore affirm the district court's grant of summary judgment in favor of Appellees.

AFFIRMED.

---

**3.** The Alaska courts have looked to the *Restatement* in the specific area of defamation law. *See, e.g., Marshall v. Munro*, 845 P.2d 424, 429 (Alaska 1993); *Jones v. Central Peninsula Gen. Hosp.*, 779 P.2d 783, 790 (Alaska 1989); *Schneider v. Pay 'N Save Corp.*, 723 P.2d 619, 623–24 (Alaska 1986); *Urethane Specialties, Inc. v. City of Valdez*, 620 P.2d 683, 689–90 (Alaska 1980); *Lull v. Wick Constr. Co.*, 614 P.2d 321, 324 (Alaska 1980). The Alaska Supreme Court has also followed the *Restatement* in adopting an absolute

privilege to defamation actions in certain cases. *See, e.g., McCutcheon v. State*, 746 P.2d 461, 468 & n. 15 (Alaska 1987); *Industrial Power & Lighting Corp. v. Western Modular Corp.*, 623 P.2d 291, 298 (Alaska 1981); *Nizinski v. Currington*, 517 P.2d 754, 756 (Alaska 1974); *Zamarello v. Yale*, 514 P.2d 228, 230–32 & n. 4 (Alaska 1973).

