**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD J. LOEN, | No.    14-35135 |
| Plaintiff-Appellant, | DC No. CV 13-00117 TSZ |
| v. | |
| SNOHOMISH COUNTY; SNOHOMISH COUNTY SHERIFF'S OFFICE; JOHN LOVICK; SUSANNA JOHNSON, in their individual and/or official capacities, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted July 6, 2016
Seattle, Washington

Before:    TASHIMA, McKEOWN, and M. SMITH, Circuit Judges.

Donald Loen, a former police sergeant for the city of Snohomish, sued

Snohomish County, Snohomish County Sheriff's Office, John Lovick, and

Susanna Johnson (collectively, the "County") for defamation and other related

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims. The claims arose out of the County's release of certain information regarding Loen's performance on two polygraph tests to the Ellensburg and Kittitas police departments. Loen had applied to work at both police departments; as part of his applications, Loen signed unilateral contracts authorizing the broad release of information to facilitate a standard background investigation. The district court granted summary judgment to the County on Loen's defamation and related claims. Loen appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The releases that Loen signed are valid contracts. Loen argues that the releases are not enforceable because they violate Washington public policy, but the cases he cites concern liability for negligence, not defamation. As discussed further below, Washington follows the Restatement of Torts in holding that an individual may consent to an intentional tort. *See, e.g.*, *Morinaga v. Vue*, 935 P.2d 637, 644 (Wash. Ct. App. 1997). Because Loen's claim sounds in defamation, rather than negligence, Washington public policy does not bar enforcement of a contract consenting to the release of information.

2.      Similarly, the releases are neither procedurally nor substantively unconscionable. "Procedural unconscionability is 'the lack of a meaningful choice, considering all the circumstances surrounding the transaction including [t]he

2

manner in which the contract was entered,' whether the party had 'a reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print.'" *Adler v. Fred Lind Manor*, 103 P.3d 773, 781 (Wash. 2004) (quoting *Nelson v. McGoldrick*, 896 P.2d 1258, 1262 (Wash. 1995)). The two releases were titled in large print and unambiguously stated that a signature would waive liability for the release of information regarding Loen's background. The broad scope of the releases was clear from the text, and there is no indication in the record that Loen did not have a reasonable opportunity to ask clarifying questions before signing the forms. *See Tjart v. Smith Barney, Inc.*, 28 P.3d 823, 830 (Wash. Ct. App. 2001)*.* As for substantive unconscionability, a routine release permitting a prospective employer to access information related to Loen's fitness for employment is not "monstrously harsh" or "exceedingly calloused." *Adler*, 103 P.3d at 781. Rather, especially in the law enforcement context, such a release may be necessary to enable prospective employers to ensure that candidates are fit for the job. *See* Wash. Rev. Code § 4.24.730 (conferring qualified immunity to former or current employers who disclose background information to prospective employers of law enforcement officers).

**3.**     Washington follows the Restatement of Torts in recognizing consent as a complete defense to a defamation claim. *See Jolly v. Valley Pub. Co.*, 388 P.2d 139, 141 (Wash. 1964); Restatement (Second) of Torts § 583 (1977). In *Cox v. Nasche*, 70 F.3d 1030 (9th Cir. 1995), we applied the Restatement approach to a claim of defamation. *Id.* at 1031-32. Like the plaintiff in *Cox*, Loen signed releases authorizing the recipient to share a broadly defined set of information with the release's holder. The information that the County provided regarding Loen's performance on the polygraph tests falls squarely within the scope of both releases. Because Loen consented to publication of the polygraph results when he signed the releases, the County's disclosure of that information was absolutely privileged. *See id.* at 1032. Loen's defamation claim and related reputational claims against the County fail.

**4.**     Loen has also moved for certification to the Washington Supreme Court. *See* Wash. Rev. Code § 2.60.020 (authorizing certification when "it is necessary to ascertain" Washington law). Because, as described above, Washington follows the Restatement approach to defamation, and state courts are virtually unanimous in holding that a valid release is consent to defamation, giving rise to an absolute privilege to the recipient of the release, *see Cox*, 70 F.3d at 1031

4

(collecting cases), we perceive no need to certify any question to the Washington

Supreme Court.[1]

**AFFIRMED; certification DENIED.**

---

[1]     Loen also did not seek certification in the district court until his motion for reconsideration, after the district court had ruled against him.  This is a further reason disfavoring certification.  *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).